Christian, J.
This case is before us on appeal from a decree of the circuit court of Loudoun county.
The bill was filed by the appellees, Devries, Stephens & Co., for the purpose of enforcing their judgment lien against certain lands in the hands of the vendees of their judgment debtor, Tazewell Lovett.
At the August term, 1866, of the county court of Loudoun, the appellees recovered a judgment against Lovett for the sum of $1,305.44 with interest from April 10th, 1866, and $6.33 costs.
This judgment was docketed on the 15th day of November, 1866. An execution proving unavailing, this suit was instituted to enforce the lien of said judgment against the real estate of said Lovett. Under the proceedings in this suit certain real estate of Lovett’s was sold and the proceeds distributed among his creditors according to the priority of these liens. But after the distribution of the fund realized by this sale there still remained an unpaid balance due to the appellees, Devries, Stephens & Co., amounting to the sum of $821.63 on the 1st November, 1871; Thereupon they filed an amended bill in the same cause, in which they *306 charge that in addition to the lands already sold to satisfy liens against Lovett they have a lien, by reason of their said judgment, against certain tracts of land which formerly constituted a part of the real estate of Lovett, and which had been sold by him; and they seek by their amended bill to subject these lands in the hands of Lovett’s vendees to the satisfaction of the unpaid balance of their judgment.
The bill alleges that Tazewell Lovett, the judgment debtor, was the owner of five several tracts of land, which he had conveyed to the several parties therein named, and against which they insist that they have the right to enforce their judgment lien in the hands of the alienees of Lovett.
Lot No. 1 is described as a parcel of land in the county of Loudoun, containing five acres, three roods and eight poles, which was conveyed by Lovett and wife to one Frederick Miller by deed acknowledged on the 9th of January, 1868, and put on record on the 10th January, 1868.
Lot No. 2 is described as a tract of land lying in said county, containing ten acres, and conveyed by Lovett and wife to Ellen Kelly, Mary Kelly and Michael Kelly by deed acknowledged on the 25th January, 1867, and recorded on the 8th March, 1867.
Lot No. 3 is described as a parcel of land lying in said county, containing five acres, and conveyed by Lovett and wife to Mary Kelly, Margaret Kelly, John Kelly and Catharine Kelly by deed dated November 27th, 1866, acknowledged 12th January, 1867, and recorded on the 23d January, 1867.
Lot No. 4 is described as a tract of land lying in said county, containing two hundred and sixteen acres, two.roods and seventeen perches of land, which was conveyed by Lovett and wife to Abram Young *307 by deed dated 2d February, 1863, but not recorded until 17th December, 1866.
Lot No. 5 is described as a tract of land lying in said county of Loudoun, containing twenty-nine and a half acres, conveyed by Lovett and wife to "William Brislau and Michael Brislau by deed bearing date 13th December, 1866, and was put upon record on the 14th December, 1866.
Against all these five tracts of land the appellees .(plaintiffs in the court below) are seeking to enforce their judgment liens; and the vendees of each tract are made parties defendant.
The case was heard upon the bills, original and amended, and answers to the same, and the depositions of witnesses, and the circuit court held by the decree appealed from that all these lands are liable to the lien of the appellees’ judgment docketed on the 15¿/i November, 1866, and decreed a sale of said lands in default of payment of the amounts ascertained by said decree to be due. From this decree an appeal was allowed by this court.
I am of opinion that this decree is in part erroneous. By the answers of the defendants and the evidence filed with the record, it is plain that according to the repeated decisions of this court a part of these tracts of land above mentioned were not liable to the enforcement of the appellees’ lien as against them in the hands of Lovett’s vendees.
The three first-named lots or tracts of land—to-wit: that sold to Frederick Millei’, that sold to Ellen Kelly and others, and that sold to Mary Kelly and others— were sold to the parties respectively under a loritten contract, and it is shown by the pleadings and the proofs in the cause that these parties took possession of the same under these written contracts. None'of these contracts were ever recorded. As to these, the *308 lien of tlxe judgment -was properly enforced. They come within the very terms of-the statute, which declares that “every such contract, every deed conveying such.- estate or term, and every deed of gift or deed of trust or mortgage conveying real estate of goods and chattels shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time it is duly admitted to record in the county or corporation wherein the property embraced in such contract or deed may he,” •
This statute has been construed by this court in two very recent cases. See Eidson v. Huff, 29 Gratt. 338, and March, Price & Co. v. Chambers, 30 Gratt. 299.
Tinder these decisions, the alienees of Lovett going into possession under a written contract, which they had failed to have recorded, and there being no evidence of a pre-existing parol agreement, cannot assert their title against the lien of the judgment creditor of their vendor. If any injustice is done to them in subjecting the lands in their hands to the judgments rendered against their vendor, it is due to their negligence. The law pointed out to them a plain duty: that of putting on record the evidence of their title Having failed to do so, the loss must fall upon them. As was well said by Judge Staples in Eidson v. Huff, supra, p. 344: “This court cannot construe away a plain statute to avoid cases of individual hardship. The legislature has thought proper to place all written contracts for the sale of land upon the same footing as deeds of conveyance, so far as they come within the influence of the registration acts; and we have no alternative but to enforce the law as it is written.”
I think, therefore, it is clear that the decree of the circuit court enforcing the judgment lien against lands in the-hands of those alienees of Lovett who went *309 into possession of the same under a written contract, unrecorded, must to this extent he affirmed.
But I am further of opinion that so much of said decree as subjects the lands in the possession of Abram Young and "William and Michael Brislau is erroneous. These last-named purchasers (together with Osborne, who purchased a small portion of the tract sold to Young,) were let into possession under a parol agreement, and having paid the purchase-money, and being in a condition to call upon the vendor for specific execution before the judgment was rendered, upon the principles settled by this court in Floyd, trustee, v. Harding, and cases there cited, the judgment cannot be enforced against these lands. They were not held under titles which come within the influence of the registration acts, but under equitable titles which could not be affected by the provisions of those acts.
It is useless to repeat here a discussion of the principles which governed the court in protecting the vendees in possession under such a title against a judgment rendered against the vendor. It is sufficient to refer to the case of Floyd., trustee, v. Harding, supra, where the whole subject is elaborately discussed by Judge Stores, and to adopt his views in that case as applicable to this. See also Withers v. Carter, 4 Gratt. 407; Briscoe v. Ashby & als., 24 Gratt. 454; Borst v. Nalle, 28 Gratt. 423; Shipe, Cloud & Co. v. Repass, 28 Gratt. 716.
I am therefore of opinion that so much of the decree of the circuit court of Loudoun as enforces the execution of the judgment lien against the lands in the hands of the appellees, Young, William Brislau, Michael Brislau and Osborne, is erroneous, and that it be reversed, and that the same in all other respects be affirmed.
*310 Staples and Burks, J’s, concurred in the opinion of Christian, J.
Moncure, P., concurred in the decree, but with great reluctance.
Anderson, J., dissented.
The decree was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that there is no error in the said decree of the circuit court so far as and to the extent that the said decree enforces the judgment lien of the appellees against the lands conveyed by Tazewell Lovett to the purchasers, Frederick Miller, Ellen Kelly, Mary Kelly, Michael Kelly, Margaret Kelly, John Kelly, Catharine Kelly, and Thomas Kelly, all of the aforesaid named parties having purchased said lands and taken possession of the same under written contracts with said Tazewell Lovett; which contracts have never been recorded, and, not being recorded, are under the statute void as to creditors. But the court is further of opinion that the said decree of the circuit court, so far as and to the extent that it enforces the judgment lien of the appellees against the lands sold to Abram Young, William Brislau, Michael Brislau and Samuel Osborne, is erroneous, the court being of opinion that these lands having been purchased under a parol agreement, and the purchase-money, or a large part thereof, having been paid and the parties having been let into possession of the same under said parol agreement, which was not susceptible of being recorded, and therefore not coming within the provisions of the registration acts, and were not liable to the lien of the judgment *311 against the vendor Lovett, it is therefore decreed and ordered that for this error the said decree of the said circuit court be reversed and annulled, and that the appellants, Abram Young, William Brislau, and Michael Brislau, recover against the appellees their costs by them expended in the prosecution of their appeal and supersedeas here; and this cause is remanded to said circuit court to he further proceeded in, in accordance with this decree and with the principles declared in the opinion of the court filed in this cause; all of which is ordered to he certified to the said circuit court of Loudoun county.
Decree arpirmed in part, and reversed in part.