## THE SYLVAN GLEN, etc.

### *(District Court, E. D. New York. October 4, 1881.)*

1. ADMIRALTY — ACTS CAUSING DEATH — ACTION IN REM FOR DAMAGES — LIEN UNDER THE STATUTE OF NEW YORK.

> A row-boat containing two men and a woman, which was crossing the East river at New York just at dusk, was struck and capsized by a steam-boat of a regular line plying to Harlem, and while the men were saved the woman was drowned. An action *in rem* for damages being brought by the husband of the deceased woman as administrator, *held*, that the statute of the state of New York created no maritime lien for such damages, and no right of action to the libellant arose therefrom.

*W. W. Goodrich,* for libellant.

*R. D. Benedict,* for claimant.

BENEDICT, D. J. This action is brought by John Welsh, administrator of Margaret Welsh, deceased, to recover, for the benefit of himself and the next of kin of Margaret Welsh, the damages sustained by him and such next of kin by reason of the death of said Margaret Welsh, which death, it is averred, was caused by the negligence of those in charge of the steam-boat Sylvan Glen, in running over a small boat wherein the deceased was being transported upon the East river.

It is supposed by the libellant that the determination of the case depends upon the question of fact whether the death in question was caused by negligence on the part of those navigating the steam-boat; but there lies at the threshold of the case a question of law, which, as I view it, is decisive of the controversy. The right of action set up in the libel is derived from a statute of the state of New York which provides that—

"Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or

the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured." Act of December 13, 1847, as amended by act of April 7, 1849, and act of March 16, 1870.

This statute does not provide for the survival of any right of action belonging to the deceased. It creates a liability where none before existed. It makes a new cause of action, namely, the death, and it declares who shall be liable to such action, and by whom, as well as for whose benefit, the action may be maintained. It is not doubted that the right created by this statute of the state may be enforced, in a proper case, by the courts of the United States; nor that it may be enforced in the admiralty, when a marine tort is the foundation of the right. These propositions have not been controverted here, but they by no means afford ground on which to maintain this action; for this is an action *in rem*, and, if maintainable at all, must rest upon the proposition that the libellant, by virtue of this statute of the state, has a maritime lien upon the vessel proceeded against for the damages resulting to the husband and next of kin of Margaret Welsh from the death of that person. No ground has been suggested upon which such a proposition can be maintained. The words of the statute are, "the person who or the corporation which." Those words create no lien, much less a maritime lien; and, if they did, how can it be held that a state has the power to create a maritime lien for the benefit of this husband and next of kin? It is true that it is held by the supreme court of the United States that a lien, created by a state statute, for supplies and repairs to a domestic vessel, may be enforced by admiralty proceedings in the courts of the United States. But the rule in the class of cases referred to is peculiar. It is conceded by the court to be anomalous, and its basis upon any sound principle doubted, (*The Lottawanna*, 21 Wall. 581,) and I know of no expressions of that court that will warrant the belief that any extension of such an anomaly would be approved. Besides, in this instance, the state statute creates no lien at all. It is not seen, therefore, how in any aspect the statute upon which the libellant relies can afford a right of action against this vessel.

The case of *The Highland Light*, Chase, Dec. 155, affords authority adverse to the libellant, while the case of *The Garland*, 5 Fed. Rep. 924, cannot be deemed an authority in favor of his action, for the reason that the point in question does not appear to have received attention in that case.

The libel must be dismissed, and with costs.