## Wytheville.

### PRICE v. WALL'S EX'OR.

#### JULY 6, 1899.

1. RECORDING ACTS—*Unrecorded Deed—Creditors—Sec. 2465 of Code—* "*Subsequent.*"—An unrecorded deed is void as to all creditors who, but for the deed, would have had a right to subject the property conveyed to their debts, whether such debts were contracted before or after such deed. The word "subsequent" in section 2465 of the Code applies to purchasers only.

2. JUDGMENTS—*Exchange of Lands—Failure to Record Deed.*—If upon an exchange of lands the parties execute mutual conveyances, but the grantee of one tract fails to record his deed, a judgment against his grantor binds the land so given in exchange as well as that received in exchange. The rights of the parties are not affected by the character of the consideration for the unrecorded deed.

Appeal from a decree of the Circuit Court of Montgomery county, pronounced May 11, 1898, in a chancery suit therein pending under the style of "*J. C. Wysor, Ex'or,* v. *M. S. Price and Others,*" in which suit appellant filed a petition praying that the land received by him in exchange with M. S. Price might be declared exempt from the lien of judgments against M. S. Price.

*Affirmed.*

The opinion states the case.

*Hoge, Wilson & Hoge,* for the appellant.

*J. C. Wysor* and *Longley & Jordan,* for the appellees.

Harrison, J., delivered the opinion of the court.

The question raised by the petition for appeal in this case is whether a tract of fifty-nine acres of land is liable to the satisfaction of a judgment in favor of the appellee, and other judgments reported as liens thereon.

It appears that appellant and his wife, by deed dated September 3, 1889, conveyed, in consideration of $1,500, to M. S. Price a tract of land containing twenty-nine acres. This deed was recorded October 5, 1889. It further appears that on the same day, September 3, 1889, M. S. Price and wife conveyed, in consideration of $900, to appellant, a tract of land containing fifty-nine acres. This deed was not recorded by the grantee until January 3, 1896. The evidence shows that this was a mere exchange of lands, M. S. Price paying to appellant $600, the difference in value between the two tracts. It further appears that appellee obtained on November 26, 1894, against M. S. Price a judgment for $3,600, which was docketed December 14, 1894. In brief, the established facts are that the judgment of appellee was docketed December 14, 1894, and that the judgment debtor appeared at that time, by title of record, to be the owner of both the twenty-nine and the fifty-nine-acre tracts of land, although he had, as already seen, conveyed by deed dated September 3, 1889, to appellant, the fifty-nine-acre tract.

It further appears that the appellee has subjected the twenty-nine-acre tract to the payment of his judgment, leaving a balance thereof unpaid, and now seeks to subject the fifty-nine acres to the satisfaction of the residue.

His right to this relief is denied by appellant, who contends that the debt upon which the judgment was obtained was contracted prior to the date of his unrecorded deed; and that section 2465 of the Code provides that an unrecorded deed is void only as to subsequent creditors.

This construction of the section referred to is wholly un-

tenable. The change in the position of the word " creditors," in that section, was not to effect a modification of the law, but it was made in order that the words " without notice " might more clearly refer to purchasers alone, and not to creditors as well; and in order that there might be no apparent conflict between the language of the statute, and the decisions of this court previously made. *Eidson* v. *Huff*, 29 Gratt. 338; *March, Price & Co.* v. *Chambers*, 30 Gratt. 299; *Dobyn* v. *Waring*, 82 Va. 159. There has been no change in the law since the cases cited were decided. Now, as then, the statute declares an unrecorded deed void as to all creditors, who, but ·for the deed, would have had a right to subject the property conveyed to their debts.

It is further contended by appellant that, inasmuch as this was an exchange of land, and appellee has already subjected one of the tracts to the satisfaction of his judgment, equity will not permit him to assert his lien as to the other.

It being an exchange of land is a matter of no consequence. The rights of the parties are not affected by the character of the consideration for the unrecorded deed. So far as appellee is concerned, it is immaterial whether the consideration for the land in question was money, or its equivalent in other land. Appellant having failed to record his deed as provided by law, the land conveyed thereby is bound by the lien in question as effectually as if the judgment debtor had never parted with it.

This is the express mandate of the law, and equity has no power to afford relief without destroying the registration laws.

˙The law pointed out to appellant a plain and simple duty, that of promptly recording the evidence of his title. Having failed to perform that duty, he must bear the loss its neglect has occasioned.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*