PENDLETON BROS., Inc., v. MORGAN.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2400.

1. Collision ⊂⇒29—Vessel on port tack, meeting vessel on starboard tack closely hauled, held obligated to keep out of way and responsible for collision (Act Aug. 19, 1890, § 1, art. 17 [Comp. St. § 7856]).

Vessel on port tack, whether closely hauled or free sailing, *held* obligated, under Act Aug. 19, 1890, § 1, art. 17 (Comp. St. § 7856), to keep out of way of closely hauled vessel on starboard tack, and, having also failed to timely observe lights, responsible for collision.

2. Collision ⊂⇒77.

Vessel's failure to discover lights of passing vessel in time to avoid collision is tantamount to having no lookout.

3. Appeal and error ⊂⇒1008(1)—Trial court's determination of question of fact is entitled to much weight, but will not be followed in disregard of duty to pass on merits.

Appellate tribunal will not blindly follow decision of trial court in disregard of its duty to pass on merits of controversy, but, where question of fact is involved, much weight should be given conclusions of lower tribunal.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in Admiralty; Morris A. Soper, Judge.

Libel by Pendleton Bros., Incorporated, against T. B. Morgan, master of the barkentine City of Beaumont. From a decree dismissing libel, libelant appeals. Affirmed.

Herbert C. Fooks, of Baltimore, Md. (Fitzgerald, Stapleton & Mahon and Avery F. Cushman, all of New York City, on the brief), for appellant.

John H. Skeen, of Baltimore, Md. (Emory, Beeuwkes & Skeen, of Baltimore, Md., on the brief), for appellee.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

WADDILL, Circuit Judge. The litigation in this case arose out of a collision between the schooner Brina P. Pendleton, owned by the appellant, and the barkentine City of Beaumont, of which the appellee, T. B. Morgan, was master. For convenience, the two vessels will be referred to by the names the Pendleton and the Beaumont.

The collision occurred on the morning of February 11, 1924, about 12:15 a. m., at a point approximately 25 miles southeast of the lightship off Charleston, S. C. The Pendleton, a four-masted schooner, was on a voyage from Jacksonville, Fla., to Portland, Me., laden with lumber. The Beaumont was proceeding in the opposite direction, from New York to Jacksonville, Fla., light. Both vessels were under sail. The night was clear and starry, the sea smooth, and the wind moderate from the north. Each vessel sought to place the fault of collision solely upon the other. The Pendleton's charges against the Beaumont are: (a) She had no lookout properly stationed; (b) she did not observe the schooner in time to avoid the collision; (c) she, running free, did not get out of the way of the schooner, which was close hauled; (d) she was not properly manned and equipped. The Beaumont charges precisely the same faults on the part of the Pendleton. The Pendleton placed its damage in the collision at $7,000, and the Beaumont its damage at $1,000.

The case was tried by the lower court mainly upon the depositions, though two of the Beaumont's witnesses, its master and mate, were examined orally before the trial judge. The district court decided that the collision was brought about solely by the fault of the Pendleton, adjudging the Beaumont to be free from blame, and accordingly

dismissed the Pendleton's libel, and decreed in favor of the Beaumont for the damages sustained by it. From this decision the appeal in this case was taken by the Pendleton. The assignments of error present mainly the fact that the court erred in making the findings and rulings mentioned, and in concluding that there was no negligence on the part of the Beaumont, and that the Pendleton's negligence brought about or contributed to the collision.

[1] The facts in this case are less in dispute than is usual in collisions occurring at night on the high seas. There seems to be no substantial disagreement as to the courses of the two vessels; the Beaumont being on a course approximately southwest by west, and the Pendleton on a course approximately northeast by east. The Beaumont was on the starboard tack and the Pendleton on the port tack. The chief difference respecting their navigation consists in which was the free, and which the incumbered, vessel. The Beaumont says that it was proceeding close hauled on the starboard tack, and that the Pendleton was sailing free, whereas the Pendleton claims that it was close hauled on the port tack, and that the Beaumont was running free. The decision of the district court, while holding the Pendleton solely at fault for the collision because of its failure to keep a proper lookout, to maintain proper lights of its own, and to seasonably observe the Beaumont's lights, nevertheless held that it was difficult to determine from the testimony whether at the time of the collision the Pendleton was sailing free or close hauled, but that the same was immaterial, since the Beaumont was proceeding close hauled on the starboard tack, and that under the rules of navigation, particularly rule 17 of the international rules, it was the duty of the Pendleton, conceding it to be close hauled on the port tack, to keep out of the way of the Beaumont, close hauled on the starboard tack. This decision of the district judge is clearly right, and supported by reason and authority. The article of the international rules referred to specifically so provides. Act August 19, 1890, c. 802; section 1, 26 Stat. 326 (Comp. St. § 7856). Hughes' Admiralty (2d Ed.) p. 440. Also the same work by the learned author, p. 271, where a practical and instructive illustration of the rule is given, with cases cited.

The district court found that the Beaumont was navigated with care, efficiently manned and officered, with lights properly set and burning, and declined to accept the testimony of those navigating the Pendleton that its lights were properly set and burning and their vessel free from fault. The evidence not only sustains the conclusion of the court as to the navigation of the respective vessels, but the failure of those navigating the Pendleton to observe the red lights of the Beaumont, which were seen for three-quarters of a mile, and admitted to have been sufficient, if seasonably observed, to have been seen four or five miles away, satisfactorily accounts for the collision. The observation of the lights three-quarters of a mile away afforded ample time to avoid the collision, and those navigating the Pendleton were charged with a duty to see a light admittedly burning, which a vigilant lookout would have observed. The failure to discover lights until too late to avoid a collision is tantamount to a failure to have a lookout at all. The Sea Gull, 90 U. S. (23 Wall.) 165, 175–177, 23 L. Ed. 90; The Belgenland, 5 S. Ct. 860, 114 U. S. 355, 371, 372, 29 L. Ed. 152; The Richmond (D. C.) 114 F. 208, 213, 214; The Manaway (D. C.) 257 F. 476, 477; The Stimson (D. C.) 257 F. 762, 765.

[2] The testimony of Holder, the boatswain on the Pendleton, and Clayton, the lookout, goes far to negative the contentions of the Pendleton, especially as to its failure to observe the lights of the Beaumont.

[3] Counsel for appellant insist that, as this is a case in which the findings of the district court were based upon testimony, most of which was taken by depositions, the conclusion of the district court should not be considered as conclusive on this court. They cite authorities to sustain this view. The Ariadne, 13 Wall. 475, 20 L. Ed. 542; The Albany, 81 F. 966, 27 C. C. A. 28; The Kalfarli (C. C. A.) 277 F. 391, 398; Hughes' Admiralty (2d Ed.) S. 203. Nothing is better settled than that the appellate tribunal will not fail to discharge its duty to pass upon the merits of a controversy by blindly following what has been decided by the trial court; but, where the same involves a question of fact, and especially where the lower tribunal has had the chance to see and hear the witnesses, much weight should be given to the conclusions reached by it. This doctrine, however, has little significance in a case in which the appellate court finds itself, as it does here, to be in full accord with the trial court.

Affirmed.