## LEWIS v. JONES.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1928.

No. 2717.

1. **Admiralty ⬅21—State death statute held to create lien on ship causing death (Code Va. 1919, § 5786).**

Code Va. 1919, § 5786, relating to death by wrongful act, *held* to create lien on ship in case of wrongful death.

2. **Admiralty ⬅16—Statutory lien on ship for wrongful death can be enforced in suit in admiralty (Code Va. 1919, § 5786).**

Statutory lien, under Code Va. 1919, § 5786, on ship for wrongful death, can be enforced in suit in admiralty.

3. **Admiralty ⬅21—Rule prescribed by statute relating to death on high seas applies to wrongful death occurring in navigable waters (46 USCA § 761).**

Rule prescribed by 46 USCA § 761 (Comp. St. § 1251½), relating to right of action for death occurring on high seas, applies to wrongful death occurring in navigable waters.

4. **Admiralty ⬅21—Where man was killed on navigable stream by ship, question involved was maritime one.**

Where man in rowboat was killed in navigable stream by ship, question involved was maritime one.

5. **Admiralty ⬅118—Trial judge's finding on question of fact will not be set aside, unless clearly wrong.**

Finding of trial judge on question of fact is entitled to great weight, and will not be set aside, unless clearly wrong.

**6. Collision** ⬅69—Where rowboat was anchored, and junk overturning it was moving, rowboat was favored vessel, notwithstanding it was much smaller.

Where rowboat was anchored, and junk, overturning same and causing death of fisherman, was moving, anchored boat was favored vessel, notwithstanding fact that it was much the smaller.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Libel by Lewis Jones, administrator of the estate of Tom Chapman, deceased, against Henry Leroy Lewis. From a decree for libelant, libelee appeals. Affirmed.

David Meade White and Robert H. Talley, both of Richmond, Va., for appellant.

David Nelson Sutton, of West Point, Va. (Lewis & Sutton, of West Point, Va., on the brief), for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. The libel in this case was filed in the District Court of the United States for the Eastern District of Virginia, at Richmond, by Lewis Jones, administrator of the estate of Tom Chapman, against the Amoy, a Chinese junk, owned by Henry Leroy Lewis, a citizen of the state of Connecticut. The libel alleged that the deceased, Tom Chapman, was fishing in a rowboat with a companion on the York river, a navigable stream near the town of West Point, in Virginia, and that the rowboat was caused to be overturned by the Amoy, and that Chapman was drowned through the default and negligence of the junk. The court below found for the libelant, and by decree gave the administrator judgment for the sum of $3,500 for the death of Chapman, from which holding this appeal was brought.

Two questions are raised on the appeal: (1) That the court did not have jurisdiction; and (2) that the judge below erred in finding the Amoy responsible for the accident.

[1, 2] On the first point it is contended that a libel in rem cannot be maintained against the offending vessel, because, it is said, the Virginia death statute creates no lien upon the vessel which a court of admiralty can enforce. The contention of libelant, on the other hand, is that the statute does create such lien, and that consequently a court of admiralty does have jurisdiction to enforce it. The statute relied upon (section 5786 of the Code of Virginia) is as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation, or of any ship or vessel, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, or to proceed in rem against said ship or vessel, or in personam against the owners thereof or those having control of her, and to recover damages in respect thereof, then, and in every such case, the person who, or corporation or ship or vessel which, would have been liable, if death had not ensued, shall be liable to an action for damages, or, if a ship or vessel, to a libel in rem, and her owners or those responsible for her acts or defaults or negligence to a libel in personam, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

The same question raised here has been twice passed upon by this court. The Glendale, 81 F. 633; The Anglo-Patagonian, 235 F. 92 (writ of certiorari denied Lord, etc., v. Ledwitch, 241 U. S. 636, 37 S. Ct. 19, 61 L. Ed. 539). Both of these decisions are based upon the same statutes as the one relied upon here, and hold that the Virginia statute creates a lien on the ship in a case of wrongful death, and a full discussion of the points involved will be there found. The question we have to consider is whether we will follow the former holdings of this court. We are of the opinion that the position taken in these cases should be sustained.

The cases relied upon by the appellant and cited in his brief do not deal with statutes similar to the Virginia statute, and are not controlling. Once the conclusion is reached that a state statute gives a lien on the ship for wrongful death, such a lien can unquestionably be enforced in a suit in admiralty. Barton v. Brown, 145 U. S. 335, 12 S. Ct. 949, 36 L. Ed. 727; Old Dominion S. S. Co. v. Gilmore, 207 U. S. 398, 28 S. Ct. 133, 52 L. Ed. 264.

[3] The doctrine laid down by this court in The Glendale and The Anglo-Patagonian cases has the effect of applying to wrongful death occurring in navigable waters the rule prescribed by the Maritime Act of 1920. See U. S. C. title 46, § 761 (46 USCA § 761; Comp. St. § 1251½).

[4] It is further contended that in The Glendale and The Anglo-Patagonian cases this court did not consider and decide whether or not the question raised was a maritime one, but it seems to us that, where a man is killed, as in this case, on a navigable stream by a ship, the question is so plainly, not only in

law, but in fact, a maritime one, that it requires no discussion.

[5] On the second question, it is unnecessary to cite authority to sustain the proposition that the finding of the trial judge, who had the opportunity of seeing the witnesses, hearing their story, judging their appearance, manner, and credibility, on the question of fact, is entitled to great weight, and will not be set aside unless clearly wrong. The evidence in the case not only negatives the conclusion that the finding of the trial judge was wrong, but sustains that finding, and it should not be disturbed.

[6] It is also contended on behalf of appellant that the trial court erred in holding that the rowboat which deceased was using at the time of the accident was the favored vessel. We do not think so. The rowboat was anchored and the Amoy was moving. The anchored boat was the favored vessel, notwithstanding the fact that it was much the smaller. "Big vessels may not insolently disregard smaller ones; supersize gives no right to domineer." Wilson et al. v. Pacific Mail Steamship Co. et al. (decided April 9, 1928) 48 S. Ct. 369, 72 L. Ed. ——.

There was no error in the trial below, either in the court's ruling on the question of law or findings of fact, and the decree is accordingly affirmed.

Affirmed.