### CHESAPEAKE LIGHTERAGE & TOWING CO., Inc., v. BALTIMORE COPPER SMELTING & ROLLING CO.

### No. 2940.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1930.

Harry N. Abercrombie and J. Craig McLanahan, both of Baltimore, Md., for appellant.

William A. Grimes and Robert W. Williams, both of Baltimore, Md. (Janney, Ober, Slingluff & Williams, of Baltimore, Md., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal by Chesapeake Lighterage & Towing Company, Incorporated, from a final decree in admiralty of the District Court of the United States for the District of Maryland, entered on April 25, 1929.

The case originated in a libel filed by Baltimore Copper Smelting & Rolling Company, appellee, against Chesapeake Lighterage & Towing Company, appellant, wherein the appellee claimed damages on account of the cost to which it had been put in salvaging certain copper wire bars which had been loaded on lighter No. 314, which belonged to the appellant, and which sunk in Baltimore Harbor in the early morning of August 31, 1927. In this libel, the appellee alleged that the sinking of the lighter was due to the unseaworthiness thereof.

To this libel the appellant filed an answer denying the unseaworthiness of the lighter and alleging that the sinking thereof was occasioned by the faulty loading of the copper bars by the appellee. The appellant also in its answer sought to limit its liability to the value of the lighter following the accident.

The appellant further filed a cross-libel against the appellee claiming damages for the loss of the lighter and again alleging that its loss was due to the faulty loading of the copper bars by the appellee. To the latter libel, the appellee answered denying its liability on the ground that it was not at fault in loading the lighter.

These two cases were consolidated by order of court and were heard together. A final decree was entered in favor of the appellee, Baltimore Copper Smelting & Rolling Company, directing the Chesapeake Lighterage & Towing Company, Incorporated, appellant, to pay the appellee $4,492.12 (the cost of salvaging the copper) with interest from November 3, 1927. In arriving at this decree, the District Court held: (1) That the copper bars were properly loaded on board the lighter by the copper company; (2) that the lighter was unseaworthy when delivered by the lighterage company to the copper company; (3) that the unseaworthiness of the lighter was the sole cause of the sinking; and

(4) that the lighterage company was not entitled to limit liability.

The only questions involved here are questions of fact, all of which questions were determined by the learned trial judge after hearing the evidence. It has been long settled in this court that the finding of the District Court having support in the evidence will not be reversed unless we reach the conclusion that that finding is clearly wrong. In Virginia Shipbuilding Corporation v. United States, 22 F.(2d) 38, 51, Judge Parker, speaking for this court, said: "It is settled that we will not reverse a finding of the District Court having support in the evidence unless we think that the Judge has misapprehended the evidence or gone against the clear weight thereof, or, in other words, unless we think that his finding was clearly wrong."

In other cases this court has laid down the same rule. Pendleton Bros., Inc., v. Morgan (C. C. A.) 11 F.(2d) 67; Standard Wholesale Phosphate & Acid Works, Inc., v. Chesapeake Lighterage & Towing Company, Inc. (C. C. A.) 16 F.(2d) 765; Wolf Mineral Process Corporation v. Minerals Separation North American Corporation (C. C. A.) 18 F.(2d) 483; International Organization, United Mine Workers of America et al. v. Red Jacket Consol. Coal & Coke Co. et al. (C. C. A.) 18 F.(2d) 839.

In Lewis v. Jones, 27 F.(2d) 72, 74, this court said: "On the second question, it is unnecessary to cite authority to sustain the proposition that the finding of the trial judge, who had the opportunity of seeing the witnesses, hearing their story, judging their appearance, manner, and credibility, on the question of fact, is entitled to great weight, and will not be set aside unless clearly wrong."

The judge below, in a well-considered opinion, thoroughly discusses the evidence and gives the reasons for his conclusions. After a careful study of the record, we are of the opinion that the findings of fact of the trial judge were not only not clearly wrong, but were correct, and that he could not have properly reached any other conclusion.

While there is some conflict in the testimony, it seems to us that it was clearly established that the lighter was properly loaded by the employees of the appellee, and that the barge was in an unseaworthy condition at the time it was offered by appellant to appellee for service.

We are also of the opinion that the judge below held properly upon the question of limitation of liability. Section 183, 46 USCA, reads as follows:

"*Liability of Owner not to Exceed Interest.* The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

For authorities on the law that controls the question as to the privity or knowledge of the owner, reference to The Virginia (D. C.) 264 F. 986, Sorenson et al. v. Boston Insurance Co. of Boston, Mass., 20 F.(2d) 640, and Bank Line v. Porter (The Poleric) 25 F.(2d) 843, will show the rule as laid down by this court. Under these decisions the judge below rightly held that the superintendent of the appellant company could, by proper inspection, have discovered the unseaworthiness of the barge, and that the appellant was therefore chargeable with knowledge of such unseaworthiness.

The decree of the court below is accordingly affirmed.