**FOOSHEE et al. v. SNAVELY et al.**

No. 414 N. C.

District Court, W. D. Virginia.
July 24, 1931.

[redacted]

J. P. Buchanan, of Marion, Va., and Barksdale & Abbot, of Lynchburg, Va., for plaintiffs.

W. B. Kegley, of Wytheville, Va., for defendants.

McDOWELL, District Judge.

[redacted] The deed from W. E. Snavely to Trewett was executed on June 12, 1926. This deed was and remained void as to creditors of the grantor until admitted to record. See section 5194, Code 1919, as amended by Acts 1922, c. 285. Mrs. Snavely obtained a judgment against W. E. Snavely on January 24, 1925. This judgment was docketed about 11 a. m. of September 27, 1926. From that moment this judgment became a lien on the land conveyed to Trewett (section 6471, Code 1919), unless the deed to Trewett had earlier on that day, as is claimed, been admitted to record.

Trewett's successors in title claim that he was an innocent purchaser for value, and if so and if the deed to him had been admitted to record before the judgment was docketed, the judgment creditor has lost the race of diligence. If, on the other hand, the judgment was docketed before the deed was admitted to record, and while the deed was void as to creditors of W. E. Snavely, Mrs. Snavely, the judgment creditor, has won the race. See McClure v. Thistle's Ex'r, 2 Grat. (Va.) 182; March, Price & Co. v. Chambers, 30 Grat. (Va.) 299; Powell v. Bell's Adm'r, 81 Va. 222; Price v. Wall's Ex'r, 97 Va. 334, 33 S. E. 599, 75 Am. St. Rep. 788. These were all cases in which the judgment was obtained and docketed after the deed was made by the judgment debtor, and before the deed was recorded. In the case at bar, the deed was made after the judgment was rendered, but while the judgment was not a lien as against innocent purchasers for value. However, I do not see that this difference is of importance. The judgment, if Trewett was an innocent purchaser for value, remained as to him and his successors a nullity until it had been docketed; and the deed to Trewett, although he was an innocent purchaser for value, remained a nullity as to the judgment creditor until it was admitted to record.

There is no doubt as to the time when the judgment was docketed. There is also no doubt as to the fact that the deed was not recorded until after September 27, 1926. The dispute is as to the time when the deed was admitted to record.

[redacted] The first question relating to the deed arises from the fact that the tax on the deed was certainly not paid on September 27, 1926.

Section 2403, Code 1919, reads: "No deed or contract shall be admitted to record (except a deed conveying land as a site for a school house or church); no will shall be admitted to probate; and there shall be no grant of administration on the estate of any decedent, until the tax on such deed or contract, will, or grant, is paid to the clerk. (Code 1887, § 590.)"

Section 122, Tax Code 1930 (Code Va. 1930, appendix, p. 2162), reads: "The tax imposed by the preceding section shall not apply to any deed conveying land as a site for a school house or church, nor to any deed conveying property to the State or to any county, city, town, district or other political subdivision of this State. Except as provided in this chapter, no deed or other instrument shall be admitted to record without the payment of the tax imposed thereon by law. (Code 1919, § 2403; 1924, p. 55.)"

In the Code of 1873, page 352, § 15 reads: "No clerk shall * * * record any deed * * * until the tax thereon shall be paid." And page 365, § 11, reads: "No deed shall be admitted to record until the tax thereon is paid; except a deed conveying land as a site for a school-house or a church."

The statutes last above quoted were construed in Lucas v. Clafflin & Co., 76 Va. 269, 281, as being directory. The opinion reads in part: "The clerk is liable for the tax if he records the deed. The law is directory to him, and gives him authority to demand and receive the tax before he can be required to admit the deed to record. If he chooses to admit it to record without receiving prepayment of the tax, he thereby assumes the liability for it, just as if it had actually been paid to him."

This ruling has, so far as I know, never been overruled or shaken by any later de-

cision. The slight change made in the wording of the later statutes does not seem to me to be of any importance. The old statute was, "No clerk shall record;" the new form is, "no deed shall be admitted to record." If the old statute was directory, the new statute must also be directory.

 The next statute to be considered is the Act of March 23, 1926, c. 262, amending section 3392, Code 1919 (Acts 1926, pp. 464, 465). This statute, referring to writings authorized to be recorded, reads in part, as follows: "Upon admitting any such writing or other paper to record it shall be the duty of the clerk to endorse thereon the day and time of day of such recordation."

The foregoing sentence is new, and does not appear to have been construed. However, it must mean by the words "such recordation," such admission to record. The time of recording, of spreading a deed on the deed book, is not often of importance; while the time of admitting a deed to record is frequently of high importance.

I am of opinion that the intent of the amendment of 1926 was to abolish admission to record by mere mental act, and to make the physical act of indorsing on the document the day and time of day of admission, the one and only act capable of evidencing admission to record. To hold that a deed may be admitted to record by mere mental act on the part of the clerk is simply to ignore and nullify the amendment of 1926.

The evidence clearly preponderates to the effect that no indorsement of admission to record had been made on the deed until after the judgment had been docketed.

But, even if my construction of the act of 1926 be regarded as erroneous, this fact is unimportant. I believe that the weight of the evidence is that the deputy clerk had, because of Mr. Kelly's advice, determined not to admit the Trewett deed to record until a check for the tax and fees had been received, and that such was her intention until after the docketing of the judgment.

Inasmuch as the judgment here had been duly docketed before the deed was admitted to record, the lien of the judgment prevails over the rights of the plaintiff as successors of the grantee of W. E. Snavely, even if he was a purchaser for value, and without previous notice of the judgment.

 Knowledge of the contents of the deed from W. E. Snavely to Trewett on the part of Mrs. Snavely's attorneys is a fact of no importance. Purchasers with notice cannot be innocent purchasers; but the rights of creditors are not affected by notice. A deed is void as to creditors until admitted to record, whether such creditors do or do not know of the deed. See Guerrant v. Anderson, 4 Rand. (Va.) 208, 211; Price v. Wall's Ex'r, 97 Va. 334, 335, 336, 33 S. E. 599, 75 Am. St. Rep. 788.

It follows that the bill and amended bill should be dismissed at the cost of the plaintiffs.