## THE CORAPEAKE.

### ARUNDEL CORPORATION v. WATHEN.

#### No. 3250.

Circuit Court of Appeals, Fourth Circuit.
Jan. 26, 1932.

E. A. Bilisoly, of Norfolk, Va. (Harry E. McCoy, of Norfolk, Va., on the brief), for appellant.

Leon T. Seawell, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from a decree entered in the District Court of the United States for the Eastern District of Virginia in a suit in admiralty, in which the appellee was libelant and the appellant was respondent. The decree was interlocutory and fixed liability against appellant for a collision occurring in October, 1930, at Hampton Roads, Va., between the schooner Corapeake, owned by appellee, and a steel mud scow, owned by the Arundel Corporation.

The Corapeake was coming into Hampton Roads, and the scow was anchored at a point west of the Norfolk Channel, and south of the Newport News Channel. The collision occurred at night, and the Corapeake was sunk.

The sole issue was one of fact as to whether the scow carried proper lights.

This court has repeatedly laid down the rule that the finding of a trial judge, who had the opportunity of seeing the witnesses, hearing their story, judging their appearance, manner, and credibility, on a question of fact, is entitled to great weight and will not be set aside unless clearly wrong. Virginia Shipbuilding Corporation et al. v. United States (C. C. A.) 22 F.(2d) 38; Lewis v. Jones (C. C. A.) 27 F.(2d) 72; Chesapeake Lighterage & Towing Co., Inc. v. Baltimore Copper Smelting & Rolling Co. (C. C. A.) 40 F.(2d) 394; Lambert Lumber Co. v. Jones Engineering & Construction Co., Inc., et al. (C. C. A.) 47 F.(2d) 74; Commercial Casualty Ins. Co. v. Williams (C. C. A.) 49 F.(2d) 472.

Here the trial judge heard all the witnesses, except two whose depositions were offered on behalf of the libelant. An examination of the record convinces us that the judge below was not only not clearly wrong, but that his conclusion was right.

The decree is accordingly affirmed.