## FOOSHEE et al. v. SNAVELY.
### No. 3252.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1932.

John P. Buchanan, of Marion, Va., and A. D. Barksdale, of Lynchburg, Va., for appellants.

W. B. Kegley, of Wytheville, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in the District Court of the United States for the Western District of Virginia, in November, 1928, by appellant, R. L. Fooshee, a citizen of Tennessee, against appellee, Ruby S. Snavely, a citizen of the state of Virginia, and others. The remaining appellants were named defendants below, but claim in the same right as the plaintiff. The bill seeks to remove a cloud from the title to certain lands in Wythe county, Va.

On January 24, 1925, appellee, Ruby S. Snavely, recovered a decree, having the effect of a judgment for money, in the circuit court of Wythe county, Va., against W. E. Snavely, her husband, from whom she was granted a partial divorce in the same decree. From this judgment an appeal was taken, and in September, 1926, the judgment was affirmed by the Supreme Court of Appeals of Virginia. In October, 1929, the partial divorce was made absolute and the allowance to the wife enlarged.

In June, 1926, W. E. Snavely, in Knox county, Tenn., executed a deed conveying certain real estate in Wythe county, Va., to one J. C. Trewett. The deed to Trewett had not been offered for recordation in Wythe county, Va., until September 27, 1926, nor had the judgment of the appellee been offered for recordation. In the year 1926, J. C. Trewett, grantee in the deed, died intestate, and appellants claim to be his heirs.

On September 27, 1926, the deed to Trewett forwarded by mail, by an attorney, was received in the office of the clerk of the circuit court of Wythe county for recordation. The clerk's office on that day was in charge of a woman deputy, the clerk being absent in a hospital. The letter containing the deed was received by the deputy clerk in the early morning mail, around 8 o'clock. No money was inclosed in the letter to pay recordation fees or the state transfer tax. The recordation fees were $3 and the state tax $66, making a total of $69. The clerk

of the Supreme Court of Appeals of Virginia, at Wytheville, who had his office in the same building with the clerk of the circuit court, went into the office of the clerk of the circuit court on the morning of September 27, 1926, and saw the Trewett deed that had evidently just been received in the mail, and talked with the deputy circuit clerk about it. The clerk of the Supreme Court, who had been advising about the office in the circuit clerk's absence, advised the deputy not to admit the deed to record until the money was paid, as, if she did so, the clerk would become liable.

At 11 o'clock a. m. of the same day attorneys for the appellee presented the judgment secured in her favor against W. E. Snavely, and had it docketed. An attorney who had represented W. E. Snavely in the divorce suit and attorneys representing appellee were in the circuit clerk's office during the day and talked with the deputy about the recordation of the Trewett deed.

The attorney who had forwarded the deed for recordation afterward sent the money to pay the fees and tax. This money was received on September 30, 1926. The deed was stamped on the front with a rubber stamp showing that it was admitted to record on September 30, 1926, the figures "27" having been erased and "30" substituted. The deed was stamped in two places, front and back, and the time given in one place being "9 A. M." and the other "8 A. M."

In his opinion the learned judge below forcefully says:

"Trewett's successors in title claim that he was an innocent purchaser for value, and if so and if the deed to him had been admitted to record before the judgment was docketed, the judgment creditor has lost the race of diligence. If, on the other hand, the judgment was docketed before the deed was admitted to record, and while the deed was void as to creditors of W. E. Snavely, Mrs. Snavely, the judgment creditor, has won the race. See McClure v. Thistle's Ex'r, 2 Grat. (Va.) 182; March, Price & Co. v. Chambers, 30 Grat. (Va.) 299; Powell v. Bell's Adm'r, 81 Va. 222; Price v. Wall's Ex'r, 97 Va. 334, 33 S. E. 599, 75 Am. St. Rep. 788. These were all cases in which the judgment was obtained and docketed after the deed was made by the judgment debtor, and before the deed was recorded. In the case at bar, the deed was made after the judgment was rendered, but while the judgment was not a lien as against

innocent purchasers for value. However, I do not see that this difference is of importance. The judgment, if Trewett was an innocent purchaser for value, remained as to him and his successors a nullity until it had been docketed; and the deed to Trewett, although he was an innocent purchaser for value, remained a nullity as to the judgment creditor until it was admitted to record.

"There is no doubt as to the time when the judgment was docketed. There is also no doubt as to the fact that the deed was not recorded until after September 27, 1926. The dispute is as to the time when the deed was admitted to record.

"The first question relating to the deed arises from the fact that the tax on the deed was certainly not paid on September 27, 1926.

"Section 2403, Code 1919, reads: 'No deed or contract shall be admitted to record (except a deed conveying land as a site for a school house or church); no will shall be admitted to probate; and there shall be no grant of administration on the estate of any decedent, until the tax on such deed or contract, will, or grant is paid to the clerk. (Code 1887, § 590.)'

"Section 122, Tax Code 1930 (Code Va. 1930, Appendix, p. 2162), reads: 'The tax imposed by the preceding section shall not apply to any deed conveying land as a site for a school house or church, nor to any deed conveying property to the State or to any county, city, town, district or other political subdivision of this State. Except as provided in this chapter, no deed or other instrument shall be admitted to record without the payment of the tax imposed thereon by law. (Code 1919, § 2403; 1924, p. 55.)'

"In the Code of 1873, page 352, § 15 reads: 'No clerk shall * * * record any deed * * * until the tax thereon shall be paid.' And page 365, § 11 reads: 'No deed shall be admitted to record until the tax thereon is paid; except a deed conveying land as a site for a school-house or a church.'

"The statutes last above quoted were construed in Lucas v. Clafflin & Co., 76 Va. 269, 281, as being directory. The opinion reads in part: 'The clerk is liable for the tax if he records the deed. The law is directory to him, and gives him authority to demand and receive the tax before he can be required to admit' the deed to record. If he chooses to admit it to record without receiving prepayment of the tax, he there-

by assumes the liability for it, just as if it had actually been paid to him.'

"This ruling has, so far as I know, never been overruled or shaken by any later decision. The slight change made in the wording of the later statutes does not seem to me to be of any importance. The old statute was, 'No clerk shall record;' the new form is, 'no deed shall be admitted to record.' If the old statute was directory, the new statute must also be directory.

"The next statute to be considered is the Act of March 23, 1926, c. 262, amending section 3392, Code 1919 (Acts 1926, pp. 464, 465). This statute, referring to writings authorized to be recorded, reads in part as follows: 'Upon admitting any such writing or other paper to record it shall be the duty of the clerk to endorse thereon the day and time of day of such recordation.'

"The foregoing sentence is new, and does not appear to have been construed. However, it must mean by the words 'such recordation,' such admission to record. The time of recording, of spreading a deed on the deed book, is not often of importance; while the time of admitting a deed to record is frequently of high importance.

"I am of opinion that the intent of the amendment of 1926 was to abolish admission to record by mere mental act, and to make the physical act of indorsing on the document the day and time of day of admission, the one and only act capable of evidencing admission to record. To hold that a deed may be admitted to record by mere mental act on the part of the clerk is simply to ignore and nullify the amendment of 1926.

"The evidence clearly preponderates to the effect that no indorsement of admission to record had been made on the deed until after the judgment had been docketed.

"But, even if my construction of the act of 1926 be regarded as erroneous, this fact is unimportant. I believe that the weight of the evidence is that the deputy clerk had, because of Mr. Kelly's advice, determined not to admit the Trewett deed to record until a check for the tax and fees had been received, and that such was her intention until, after the docketing of the judgment.

"Inasmuch as the judgment here had been duly docketed before the deed was admitted to record, the lien of the judgment prevails over the rights of the plaintiff as successors of the grantee of W. E. Snave-

ly; even if he was a purchaser for value, and without previous notice of the judgment."

Had the deed been properly presented for recordation, it would have been the duty of the clerk to at once admit it to record, and no act of the clerk would, in any way, have affected the fact. Lucas v. Clafflin & Company, 76 Va. 269; American Exch. National Bank v. Colonial Trust Co. (Tex. Civ. App.) 186 S. W. 361; Dowie v. Chicago Ry. Co., 214 Ill. 49, 73 N. E. 354; Hoffman v. Mackall, 5 Ohio St. 124, 64 Am. Dec. 637; Devlin on Deeds, Vol. 2, § 704.

Here, however, the deed was not properly presented for recordation, as the amount of money necessary to pay the fees and tax did not accompany it. This then gave the clerk the option of admitting the deed to record and becoming liable himself for the amount of the fees and tax (the comparatively considerable sum of $69) or returning the deed.

The deed was received through the mail, and it would seem not only reasonable but necessary that some time, at least, be given the clerk to act. To allow a returning of a deed received by mail on the same day it was received would certainly not be unreasonable. The Legislature of Virginia in passing the Act of March 23, 1926 (ch. 262), supra, would seem to have intended the stamping of the instrument as signifying that the recording officer intended to admit the instrument to recordation and assume the fees.

It becomes necessary to determine what was done by the deputy clerk on the day the deed was received. The evidence is contradictory and conflicting in the extreme as to just what occurred, but the judge below found as a fact that the deed was not stamped when the appellee's judgment was presented for recordation at 11 o'clock a. m. on September 27, and that the deputy had determined not to admit it to record until the tax and fees were paid. This court has repeatedly held that "the finding of a trial judge, who had the opportunity of seeing the witnesses, hearing their story, judging their appearance, manner, and credibility, on a question of fact, is entitled to great weight and will not be set aside unless clearly wrong." Arundel Corporation v. Wathen, 55 F.(2d) 228, decided by this court January 26, 1932, and authorities there cited.

There certainly was no obligation resting on the deputy circuit clerk to make her principal (the clerk) liable for the $69 that should have accompanied the deed, and it is a fair presumption to assume that she did not, at first, do so. It is also a significant fact that the letter transmitting the deed and the reply thereto from the clerk's office were not introduced in evidence, and no reason given by representatives of appellant explaining this fact. The entries on the cashbook for September 27, 1926, in the circuit clerk's office show the fee for the filing of the judgment as entered ahead of the fee for recording the deed.

A study of the record leads us to the conclusion that at the time appellee's judgment was filed for recordation (11 a. m.) the deputy circuit clerk had, in no way, admitted the deed to recordation.

The cases relied upon by appellant either deal with a statute different from the one in question here or with a different set of circumstances, and are not controlling.

We approve not only the reasoning but the conclusions of the learned judge below, and the decree is accordingly affirmed.

SOPER, Circuit Judge.
I concur in the result.