## ANDRADE v. UNITED STATES.
### Admiralty No. 1761.

United States District Court
D. Rhode Island.
Sept. 5, 1952.

464

---

Harold R. Semple, of Providence, R. I., for libelant.

Thomas H. Walsh, of Boston, Mass., for respondent.

LEAHY, District Judge.

This action arises out of a fatal accident to the plaintiff's intestate, occurring within the territorial limits of the jurisdiction of this Court, on board the S/S Pere Marquette, a vessel owned by the defendant, the United States of America.

The original libel sets forth an action in personam against the United States, under Title 46 U.S.C.A. § 742. This libel was amended by purporting to set forth a libel in rem as well as a libel in personam. Title 46 U.S.C.A. § 743.[1] The respondent filed an exception to this amended libel, which

exception was allowed by the Court on the ground that the libel did not contain allegations stating a cause of action in rem. Subsequently the libelant filed a second amended libel to which the respondent has again filed an exception "upon the grounds that the libel does not contain a cause of action in rem or in the nature of in rem against the respondent."

The matter was heard on the above exception to the second amended libel, and one of the questions presented is whether or not the libelant, under the applicable state and federal statutes, has a cause of action for death in an admiralty action under Title 46 U.S.C.A. § 743, so as to be able to proceed in accordance with the principles of libels in rem.

▮ It is clear that a right of action for death in admiralty exists only by statute, either state or federal. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. In the instant action the libelant is relying on the Rhode Island death statute, Chap. 477, § 1 of the Rhode Island General Laws.[2] Where a state death statute is relied on in the Admiralty Court, a remedy in personam only will be available unless the state statute expressly or very clearly provides for a remedy in rem. The Corsair, 145 U.S. 335, 12 S.Ct. 949, 36 L.Ed. 727; The Sylvan Glen, D.C., 9 F. 335; The Manhasset, D.C., 18 F. 918; Welsh v. The North Cambria, D.C., 40 F. 655; State of Maryland v. A/S Nye Kristianborg, D.C.Md.1949, 84 F.Supp. 775, 1949 A.M.C. 1329; cf. The Glendale, 4 Cir., 81 F. 633; Lewis v. Jones, 4 Cir., 27 F.2d 72, certiorari denied 278 U.S. 634, 49 S.Ct. 32, 73 L.Ed. 551.

The Rhode Island death statute, supra, does not provide for a remedy in rem, and there is no suggestion of a lien or privilege

---

1. Title 46 U.S.C.A. § 743 states in part "If the libelant so elects in his libel, the suit may proceed in accordance with the principles of libels in rem wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained."

2. " § 1. Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neg-

lect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

upon the offending thing, which, as the Supreme Court stated in The Corsair, supra, is necessary to give a court of admiralty jurisdiction to proceed in rem.

In an earlier brief on this point, in support of her right to maintain this action, the libelant referred to Chap. 546, § 5 of the Rhode Island General Laws, which in tort actions furnishes a remedy by attachment of the property located in this state of a non-resident defendant, and gives jurisdiction to the court even though the defendant has not been personally served with process. The libelant contends that this attachment procedure is analogous to an action in rem against a vessel. The Court does not agree with this contention. An attachment proceeding of this type is similar to that provided for in Admiralty Rule 2, which states that in suits in personam the libel may contain "a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district." This attachment provision does not change the form of action. The suit remains in personam and the attachment is a security device. Neither does the Rhode Island attachment statute applicable to tort actions change the form of action provided for under the Rhode Island death statute, which is an action in personam.

Under section 743 of Title 46 U.S. C.A. a libelant may proceed in accordance with the principles of libels in rem "wherever it shall appear that had the vessel or cargo been privately owned and possessed a libel in rem might have been maintained." It does not appear that a libel in rem might have been maintained here under the Rhode Island death statute if the vessel had been privately owned. In fact the contrary appears. The Corsair, supra. Therefore the libelant is not entitled to proceed in accordance with the principles of libels in rem in the instant action.

In view of the Court's opinion on this point, it is unnecessary to decide the remaining questions which have been argued by counsel.

The respondent's exception to the second amended libel is allowed.