Statement.

## Richmond,

### EDWIN B. JONES, TRUSTEE, ET AL. v. C. C. FOLKS, ET AL.

#### November 17, 1927.

1. RECORDING ACTS—*Notice to Subsequent Purchasers—Failure of Clerk to Index Deed of Trust—Case at Bar.*—In the instant case it was contended by appellant that the recordation of a deed, to operate constructive notice binding upon subsequent purchasers for value and without notice, must be a complete, and not a partial, recordation; that, under the registry acts, constructive notice is not effective, unless and until the instrument is not only delivered to the clerk for recordation in the clerk's office of the county in which the land is situate, but is indexed in the daily index required by statue to be kept of all instruments admitted to record, or in the general index, if no daily index has been installed.

    *Held:* That under section 5194 of the Code of 1924, the mere delivery of the deed to the clerk for recordation met all the requirements of the statute.

2. RECORDING ACTS—*Notice—Indexing.*—Under the Revised Code of 1819 and the Code of 1887, the failure of the clerk to index a deed did not affect its validity as notice to subsequent purchasers. In the Code of 1919, section 5194, the revisors, for the first time, wrote into the registry acts the requirement that, to constitute notice to subsequent purchasers, a deed must be not only duly admitted to record, but indexed as well. But the legislature amended this section in 1922 (Acts 1922, page 474) and omitted the words "indexed as required by law."

    *Held:* That the legislature by this act of 1922 eliminated the requirement that a deed should also be indexed as well as admitted to record, and this, notwithstanding that the second paragraph of Acts of 1922, page 474, provided in detail for an index.

Appeal from a decree of the Circuit Court of Highland county. From a decree in favor of one creditor appellant, another creditor appeals.

*Affirmed.*

The opinion states the case.

*Louis C. Barley* and *John T. Harris*, for the appellants.

*Timberlake & Nelson*, for the appellees.

Campbell, J., delivered the opinion of the court.

The controversy in this cause is between C. C. Folks and L. C. Barley, beneficiaries under two separate deeds of trust executed by T. M. Folks. The question for determination is: Has a subsequent purchaser constructive notice of a deed of trust recorded but not indexed?

By stipulation of the parties, the facts are as follows:

"T. M. Folks made two deeds of trust covering 139 acres of land in Highland county, Va.

"By one of said deeds he conveyed the said land to Andrew L. Jones, trustee, for the benefit of C. C. Folks. This deed is dated September 26, 1923, and was filed for record in the clerk's office of said court at nine o'clock in the morning of October 1, 1923.

"By the other deed he conveyed the said land to Edwin B. Jones as trustee for the benefit of L. C. Barley. This deed is dated September 28, 1923, and was filed for record in the said clerk's office at one o'clock in the afternoon of October 1, 1923.

"The day of the filing of both deeds of trust was noted on each by the clerk on the day they were filed.

"Neither Barley nor his trustee had notice of the former deed of trust when the second deed of trust was executed. E. B. Jones, the trustee, learned of it on October 2, 1923, and at once communicated the

fact to Judge Barley.   C. C. Folks had actual notice of the Barley deed of trust sometime between October 1 and October 10, 1923.

"The hour of filing of the two deeds for record was not noted on either by the clerk at the time; but was noted on both on October 2, 1923, the deed to Andrew L. Jones, trustee, being first so noted, and immediately afterwards the deed to Edwin B. Jones, trustee, being also noted.

"Neither deed of trust was indexed in any manner at the time of filing.   On October 10, 1923, at the written request and in person of L. C. Barley, his deed of trust, dated September 28, 1923, was indexed in the general index to deeds in said office.   Judge Barley came into the office on this day and asked to have his deed indexed.   The clerk took the index and indexed it, and immediately afterwards also indexed the C. C. Folks deed.   The C. C. Folks deed was shortly thereafter spread on the book and immediately afterwards the Barley deed was likewise so spread."

The real estate conveyed in the two deeds of trust was, at the time of execution of same, subject to certain judgment liens.

On the 15th day of September, 1924, A. J. Terry, a judgment creditor, instituted a creditor's suit to subject the lands of T. M. Folks to the payment of his debts. A reference to a commissioner was had for the purpose of ascertaining the liens thereon and the order of their priority.   In reporting the liens, the commissioner held, for reasons stated in writing and filed with the report, that the lien created by the deed of trust to Edwin B. Jones, trustee, securing the sum of $2,000, payable to L. C. Barley, was paramount to the lien created by the deed of trust to Andrew L. Jones, trustee, securing C. C. Folks and others in the sum of $1,586.87.

C. C. Folks excepted to the report of the commissioner on the ground that the commissioner erred in reporting that the trust deed to E. B. Jones, trustee, was prior in dignity to the trust deed to A. L. Jones, trustee.

[1] The learned chancellor being of the opinion that the mere delivery of the deed to the clerk for recordation met all the requirements of the statute, section 5194, Code 1924, sustained the exception to the report and decreed that the trust deed to A. L. Jones, trustee, had priority. Thereupon, the appellant was allowed an appeal by one of the judges of this court.

It is the contention of appellant that the recordation of deeds, to operate constructive notice binding upon subsequent purchasers for value and without notice, must be a complete and not a partial recordation; that, under the registry acts, constructive notice is not effective unless and until the instrument is not only delivered to the clerk for recordation in the clerk's office of the county in which the land is situate, but is indexed in the daily index required by statute to be kept of all instruments admitted to record, or in the general index, if no daily index has been installed.

[2] The Revised Code of 1819, chapter 99, section 4, provided: "All deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and *lodged* with the clerk to be recorded   *   *   *."

This section was construed in *Beverly* v. *Ellis*, 1 Rand. (22 Va.) 102. The court held, as set forth in the syllabus, that "where a deed is duly proved or acknowledged, and ordered to be recorded, and left with the clerk for that purpose, it shall be considered as

recorded from that time, although it may never, in fact, be recorded, but is lost by the negligence of the clerk or other accident. ' Therefore, a deed, under such circumstances, will be preferred to a subsequent deed, which has been duly recorded, even although the party to such subsequent deed may not have had notice of the prior deed.''

From 1819 to 1887 the statute law was several times revised, but the registry acts remained practically unchanged.

In 1887 there was a revision of the statute law and section 2465, Code of 1887, provided, in part, that every deed, or deed of trust, should be void as to subsequent purchasers for valuable consideration without notice, until and except from the time that it was duly admitted to record. This statute came under review by this court in *Va. B. & L. Co.* v. *Glenn*, 99 Va. 460, 39 S. E. 136. Judge Cardwell, delivering the opinion of the court, held that where a deed of trust was delivered to the clerk and duly admitted to record, the failure of the clerk to index it does not affect its validity as notice to subsequent purchasers.

The opinion of Burks, Sr., in *Davis* v. *Beazley*, 75 Va. 491, is quoted with approval. In that case it is said: "The admission to record is in law notice to the world. After it is 'admitted to record' it is the duty of the clerk to 'record' it in the deed book (Code of 1873, chapter 117, section 8); and the admission to 'record' is equivalent to actual recordation for the purpose of notice. For this purpose the admission to record is effectual, though the clerical act of spreading the instrument *in extenso* on the deed book be never performed."

It is to be observed that neither of the sections referred to required indexing in any manner whatever,

though the general law did require that deeds offered for recordation should be duly indexed. Thus the law as to recordation of deeds stood until the Revised Code of 1919 became effective.

In section 5194, Code 1919, the revisors, for the first time, wrote into the registry acts the requirement that, to constitute notice to subsequent purchasers, a deed must be not only duly admitted to record, but indexed as well. This statute linked up the two requirements "admission to record" and "indexed as required by law." As said in the note of the revisors to this section, "the writing must not only be admitted to record but must be indexed before the recordation will be efficacious."

Construing this statute, Judge Burks (Jr.), in his "Address on the Code of 1919," 5 Va. L. Reg. (N. S.) 97, said: "The policy adopted by the revisors was to require indexing in every case, * * * and nothing less than this will operate as constructive notice."

This statute changed the rule laid down in the *Glenn Case, supra,* and this plain mandate continued in force until the Acts of 1922 went into effect.

With full knowledge of the change wrought in the registry act by the enactment of section 5194, Code 1919, and the reasons therefor, the legislature, session 1922, amended this section, and omitted the words "and indexed as required by law," thus restoring the registry act to its former status, the effect of which is to cause this court to hold that the instant case is ruled by the doctrine of the *Glenn Case, supra.* This same principle is enunciated in *Old Dominion Granite Co.* v. *Clarke,* 28 Gratt. (69 Va.) 617.

· Whether this act upon the part of the law making body was wise or not, it cannot be questioned that the legislature had the power to enact the statute in its

present form and eliminate therefrom the requirement that a deed should also be indexed, as well as admitted to record.

It is true, as contended by appellant, that the second paragraph of Acts 1922, page 474, provides in detail for an index, but we do not think any reasonable construction of this paragraph can lead one to the conclusion that it bears any relation to the first paragraph affecting the recordation of deeds, which only requires that, in order to constitute notice, the deed shall only be admitted to record, whether ever indexed or not. See 2 Va. Law Reg. 620.

We find no error in the judgment of the trial court and it is, therefore, affirmed.

*Affirmed.*