## CIRCUIT COURT OF THE CITY OF RICHMOND

Charles W. Smith, Jr., and
Berkeley R. Smith

v.

Sovran Bank, N.A., and
David E. Partridge

November 1, 1989

Case No. N7867-2

By JUDGE ROBERT L. HARRIS, SR.

Upon application of the plaintiffs, this court granted, by decree entered June 6, 1989, a temporary injunction against a foreclosure sale of plaintiffs' property in the City of Richmond. I reserved ruling on whether to make the injunction permanent pending a full hearing, which was held on August 17, 1989.

Counsel have briefed the court extensively on the issue in this case: if a deed of trust is recorded but not indexed under the name of a grantor who owns the property, is there notice of that encumbrance to subsequent purchasers?

The parties have stipulated to the following facts. Plaintiffs are owners of a piece of commercial property located at 112 N. 7th Street in the City of Richmond. The property was purchased by the plaintiffs on December 16, 1985, from D & J Associates, a Virginia general partnership. Prior to the sale, Daniel Price, one of the partners in D & J Associates, secured a loan from First & Merchants National Bank (now Sovran Bank, N.A.) with a deed of trust dated October 21, 1983. The deed of trust was recorded on that same date but was indexed only under Price's name, not under the name of D & J Associates, which was listed

on the deed of trust as a thirty party grantor. D & J Associates owned the property securing the loan to Daniel Price.

The parties have stipulated that the deed of trust was misindexed by the clerk. I assume, for the purpose of deciding the issue involved in this case, the truth of that stipulation. However, I make no specific holding as to whether the indexing of the deed of trust was improperly performed. That issue as such is not before the court and the clerk is not a party to this suit.

The plaintiffs' closing attorney conducted a title search which failed to reveal the recording of the deed of trust in question. The attorney searched the grantors' index under the name "D & J Associates." Consequently, the deed of trust was not paid and released at closing when plaintiffs purchased the property. Plaintiffs' purchase of the property was financed by a note and deed of trust in favor of Sovran Bank, N.A.

After the plaintiffs bought the property, Price defaulted under the terms of the 1983 deed of trust. Sovran Bank, N.A., moved to foreclose upon the property, now owned by the plaintiffs.

At the August 17, 1989, hearing, there was some dispute as to whether Mr. Smith, the plaintiff-purchaser, or defendant, Sovran Bank, which lent the Smiths the money to buy the property, had actual notice of the 1983 deed of trust at the time of closing. Mr. Smith testified that he was acquainted with Mr. Price for several years before the sale and had notarized the 1983 deed of trust. However, he denied having any knowledge of the contents of the document at the time he notarized it. Mr. Price testified that, just before the sale, he had a conversation with Michael Hawkes, an employee of First & Merchants Bank. During that conversation, Price informed Hawkes that the title was clear. Hawkes said: "Well, sell it." Plaintiffs offer this testimony to show that First and Merchants, a predecessor entity to Sovran Bank, had actual notice that Price was going to sell the property without paying off their lien. Counsel for Sovran Bank has, since the hearing on August 17, moved this court to reopen the case to consider the testimony of Mr. Hawkes, who denies that any such conversation took place. My holding as to the issue of constructive notice renders unnecessary a consi-

deration of actual notice on the part of the plaintiff or the defendant. However, in the interest of making as complete a record as possible, I have admitted the deposition testimony of Mr. Hawkes. Upon the request of plaintiffs' counsel, I have also admitted into the record the deposition testimony of Mr. Price, taken on October 3, 1989.

The central issue, as set out earlier, is the effect of misindexing on the notice given by a recorded deed of trust under the Virginia recording statute, Va. Code Ann. § 55-96. Normally, the statute protects both creditors and purchasers. The statute provides, *inter alia*, that deeds of trust are void as to purchasers for value unless they are recorded in the county or city where the property is located. Va. Code Ann. § 55-96(A)(1) (1986 and Supp. 1989). Thus a creditor's lien, if the deed of trust is recorded, is not lost upon sale.

A purchaser searches the indexes to learn of liens or other encumbrances that affect the property. The system breaks down in its protection if an instrument is recorded but not indexed in such a way that a subsequent purchaser can find it through a search of the indexes. The statute does not specifically state that the instrument must be indexed in order to be valid against subsequent purchasers. The second paragraph of § 55-96 does separately provide that clerks shall index every document that is recorded. Section 55-96(A)(2).

The defendants' position is that recording, without more, gives notice to the world. In support they cite a 1927 case in which the Supreme Court interpreted a predecessor to § 55-96. *Jones v. Folks*, 149 Va. 140, 140 S.E. 126 (1927). In that case, the Supreme Court reviewed the history of the recording act and that court's interpretation of it. Neither changed much from 1819 to 1919: a deed, once admitted to record, is valid as to subsequent purchasers, unaffected by the failure of the clerk to index it. *Id.* at 144-45, 140 S.E. at 127. In 1919 the legislature wrote into the act a requirement that to constitute notice a deed must be both recorded *and indexed*. *Id.* This requirement was deleted in 1922, and the statute was returned to its former state. *Id.* at 145, 140 S.E. at 128. The *Jones* court interpreted this action by the legislature as a clear statement that the law should remain

as it had been before the change. The court held that a deed of trust admitted to record constitutes notice, whether indexed or not. *Id.* at 146, 140 S.E. at 128. The court also held that the index provision in the second paragraph did not imply an indexing requirement for a recorded deed to constitute notice. *Id.*

Since the decision in *Jones v. Folks*, neither the Supreme Court nor the General Assembly have either overruled the case or changed the provisions of the statute to require indexing as an essential part of recordation. In fact, as defendants' counsel has brought to the court's attention, the legislature recently rejected a proposed bill to amend Section 55-96 to incorporate an indexing requirement in the recordation provision. H.B. 879, 1987 Regular Session.

Plaintiffs do not dispute the defendants' interpretation of *Jones v. Folks*, nor do they attempt to distinguish that case on its facts. Plaintiffs argue instead that *Jones v. Folks* has been overruled *sub silentio* by two recent Virginia Supreme Court cases.

The first case, *Pruitt v. Ferguson*, 224 Va. 507, 297 S.E.2d 714 (1982), involved a misnomer in the deed itself as it was spread on the record book. The scrivener, in 1877, when deeds were recorded by hand-copying into a book, had written in the name "Bush" instead of the correct name "Rush" as grantee. Because of the error, an order of publication prior to a tax sale of the property in 1964 was addressed to non-existent persons named Bush instead of the actual owners, heirs or assigns of the Rush family. When faced with a competition between persons claiming title through the Rush family and persons claiming title from the buyer at the tax sale, the court held in favor of the latter. It reiterated, with approval, the rule and reasoning of a Missouri case which held that the consequences of improper recording must be borne by the party at whose instance it was performed, rather than an innocent purchaser. *Id.* at 513, 297 S.E.2d at 717.

This rule, stated out of context, seems to bolster the plaintiffs' argument. But there are a number of reasons why the case and its holding are unpersuasive here. First, the case is factually distinct from either *Jones v. Folks* or the instant case. The *Pruitt* case involved improper recording rather than misindexing. The Supreme Court may well have decided that under the recording statute, a

purchaser is entitled to rely on the *record* as it is written, but not necessarily on the index. Further, the court may have decided that the language of the recording statute left room for doubt as to the effect of a misnomer in the record. But considering the history of § 55-96, there can be little doubt as to the statutory effect of misindexing. It does not affect notice. The legislature first inserted a provision requiring indexing as a part of recordation and then deleted that provision. I shall not add a gloss to the statute, requiring indexing as a prerequisite of notice, when the General Assembly does not do so.

Finally, the *Pruitt* case does not cite *Jones v. Folks*. This court is aware that the Supreme Court may overrule a case *sub silentio*, where the previous case is in conflict with the rule adopted later. *See, e.g.*, discussion in *Wingate v. Coombs*, 237 Va. 501, 507-08, 379 S.E.2d 304, 307 (1989). But, as I have already stated, the cases are factually distinct; the *Pruitt* holding is not in conflict with *Jones v. Folks*.

The second case upon which the plaintiffs rely is *Williams v. Consolvo*, 237 Va. 608, 379 S.E.2d 333 (1989). The *Consolvo* case is directly on point factually. It involved the misindexing of a deed of trust, an attempted foreclosure by the noteholder, and a permanent injunction to prevent foreclosure. However, the finding by the trial court that the plaintiff was a *bona fide* purchaser for value and the consequent granting of the injunction were not appealed by the noteholder. Thus, the Supreme Court could not directly address the issue presented here.

The appellant in *Consolvo* was the plaintiff-purchaser. The plaintiff contended that the trial court erred in finding that he had been a volunteer when he made payments to the noteholder to avoid foreclosure. *Id.* at 613, 379 S.E.2d at 336. The bulk of the opinion is a discussion of the principles concerning when payments are made as a volunteer. The plaintiffs' argument that *Consolvo* overruled *Jones v. Folks* is constructed out of (1) the language cited in *Consolvo* from other cases regarding the volunteer issue and (2) the court's language in holding that the plaintiff, Williams, was a volunteer.

Plaintiffs point out that, in discussing the volunteer issue, the court cited language from previous cases regard-

ing payments made after "a demand unjustly made" and under "a mistake of law." *Id.* at 613-14, 379 S.E.2d at 336. The court also noted that, in view of the finding of the trial court, Williams could have obtained a permanent injunction against foreclosure *before* he made any payments. *Id.* at 615, 379 S.E.2d at 337. Finally, it stated that Williams sought to recover "payments which Williams was not obliged to make when he did." *Id.*

Taking all of this language together, it is clear that the Supreme Court decided that, under the circumstances, Williams was not obligated to make the payments and had made them under a mistake of law. But that holding was based upon the unappealed decision of the trial court that Williams was a *bona fide* purchaser. The trial court's decision, when no appeal was taken, became the law of the case. For the purposes of deciding the volunteer issue, which *was* appealed, the court took for a given fact that Williams could have enjoined foreclosure because in the court below, he was granted an injunction. Nowhere in the Supreme Court's opinion is there any suggestion that it was addressing the Circuit Judge's ruling as to the *bona fide* purchaser issue or the propriety of the injunction.

This court is of the opinion that if the Supreme Court had overruled *Jones v. Folks*, they would have explicitly stated so in *Consolvo*. Where the issue presented here and in *Jones v. Folks* was not addressed by the Supreme Court, either in *Consolvo* or *Pruitt*, I cannot accept the proposition that those cases overruled *Jones v. Folks*. *Jones v. Folks*, as defendants' counsel noted in his brief, was not even cited in either of the later cases.

The rule of *Jones v. Folks* that a deed of trust, once admitted to record, constitutes constructive notice to subsequent purchasers whether or not it is properly indexed, is still the law in Virginia. I am compelled to follow it.

Because I hold that the plaintiffs here had constructive notice of the existence of the 1983 deed of trust under the recording statute, I need not decide whether they had actual notice. My decision as to the effect of recording also obviates the need to decide whether Sovran Bank, as the lender of the Smiths' purchase money, had notice of the 1983 deed of trust. Under the *Jones v. Folks*

rule, a lienholder is justified in relying on recordation to assure that its lien is preserved upon disposition of the property. The recording statute assures a lender that if it holds a prior deed of trust that has been recorded, that lien will be either paid off at closing or will continue to encumber the property after sale.

Plaintiffs' application for a permanent injunction is denied.