## CIRCUIT COURT OF WARREN COUNTY

Elmer Johnson, Jr., et al.

v.

Frances C. Jones et al.

November 21, 1994

Case Nos. (Law) 93-140 and (Chancery) 93-115

BY JUDGE JOHN E. WETSEL, JR.

These two companion cases, which arise from the plaintiffs' purchase of a lot and house from the defendants in 1985, came before the Court on November 21, 1994, on the defendants' Demurrer and Plea of the Statute of Limitations to the Motion for Judgment and Plea of Laches to the Bill of Complaint. The plaintiffs admitted that the defendants' Plea of the Statute of Limitations to the fraud law action was good. Upon consideration of the argument of counsel and their memoranda of authorities, the Court has made the following decision to sustain the Demurrer to Count II of the Motion for Judgment, to sustain the Plea of the Statute of Limitations to the Motion for Judgment, and to sustain the Plea of Laches.

### I. *Statement of Material Facts*

The following facts are pleaded in the Motion for Judgment and the Bill of Complaint.

On January 18, 1985, the plaintiffs purchased a lot improved by a residence from the defendants. The residence on the lot was serviced by a septic system, and, incident to negotiations for the purchase of the property, the plaintiffs claim that they were expressly told by the defendants that "they had just installed a new septic system in 1984 which was functioning without any troubles and that the system was satisfactorily and adequately serving said house." Motion for Judgment, paragraph 2.

The plaintiffs aver that the septic system was in fact defective and is not adequate to service the residence on the property, that it was installed in

violation of the Health Department permit, and that they have expended, and will be required to further expend, substantial sums of money to correct the problem.

Pertinent to the Plea of Laches and to the Plea of the Statute of Limitations the plaintiffs aver that "around the last couple of days in August, 1988," they had a contractor dig up the system and that the "plaintiffs then discovered the nature of the septic system which defendants had installed to service this property." Motion for Judgment, paragraph 12. Thereafter, "plaintiffs promptly contacted the Warren County Health Department to apply for a permit to install a proper sewer system on or about September 2, 1988." Motion for Judgment, paragraph 13.

On July 21, 1993, the plaintiffs filed a Bill of Complaint alleging fraud and seeking rescission of the real estate transaction to which the defendants have filed a Plea of Laches.

On July 21, 1993, the plaintiffs also filed a two count Motion for Judgment, the first count of which is a fraud count, which is the law counterpart of their bill of complaint, and the second count of which alleges that the sewer system is such that it breaches the general warranty and modern English covenants of title contained in the deed which the defendants gave to the plaintiffs dated January 18, 1985, and the defendants have demurred to this count.

## II. *Conclusions of Law*

Virginia Code § 8.01-249 provides that a cause of action shall be deemed to accrue "[i]n actions for fraud . . . when such fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered." There is no question that by September 2, 1988, when the plaintiffs contacted the Warren County Health Department for a permit "to install a proper sewer system" on their property, that they knew that a fraud had then been committed and that is when their cause of action accrued.

The statute of limitations for a fraud action applies where the misrepresentations are made incident to a conveyance of real property. *See STP Marketing Corp. v. Zolfaghari*, 240 Va. 140 (1990) (fraud in execution of deed of trust); *Bergmueller v. Minnick*, 238 Va. 332, 336-337, 383 S.E.2d 772 (1989) (represented that a successful perc had been made on the property when that was untrue); and *Pigott v. Moran*, 231 Va. 76, 341 S.E.2d 179 (1986) (misrepresentation of zoning of adjacent property). For causes of action accruing on or after July 1, 1987, "every action for

damages resulting from fraud, shall be brought, within two years after the cause of action accrues." Va. Code § 8.01-243(A). The rights of action asserted are for fraud, not damage to real property. The bill of complaint and motion for judgment were filed more than four years after the plaintiffs' cause of action accrued.

Laches is a neglect or omission to assert a right for an unreasonable and unexplained length of time, under circumstances that are prejudicial to an adverse party. *McNeir v. McNeir*, 178 Va. 285 (1941); *Finkel Outdoor Products, Inc. v. Bell*, 205 Va. 927 (1965). One important factor in determining whether or not the doctrine of laches will operate as a bar to an action is the statute of limitations, because it is well established that "equity follows the law" as to applicable periods of limitations. *United States v. Lomas Mortg., U.S.A. Inc.*, 742 F. Supp. 936, 939 (W.D. Va. 1990). Since the statute of limitations has run on the law action, the plea of laches to the bill of complaint is sustained.

"[I]n transactions for the purchase and sale of real property, the common law doctrine of caveat emptor usually will govern the rights of the contracting parties." *Brooks v. Bankson*, 248 Va. 197, 205, 445 S.E.2d 473 (1994). Absent an express warranty, there is no warranty which applies to improvements on real property except the statutory warranties implied by Virginia Code § 55-70.1, which have no application to this case, because it was not a new residence.

The covenants of title in the general warranty deed given by the defendants to the plaintiffs are, as the name connotes, covenants of title, and they do not apply to the condition of the improvements on the real property conveyed. *See generally* 20 Am. Jur. 2d, *Covenants, Conditions, Etc.*, §§ 43-53; 5A M.J., *Covenants*, §§ 21-22; and Minor, *The Law of Real Property*, § 1036 (1928). None of the covenants of title, including the covenant of "quiet possession," as defined in Virginia Code § 55-72, includes a covenant that the improvements are habitable, which is the essence of the plaintiffs' claim. Therefore, the demurrer to Count II of the Motion for Judgment is sustained.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that Defendants' Plea of the Statute of Limitations to Count I of the Motion for Judgment is sustained; Defendants' Plea of Laches to the Bill of Complaint is sus-

tained; Defendants' Demurrer to Count II of the Motion for Judgment is sustained; and the Motion for Judgment and the Bill of Complaint are both dismissed with prejudice.