MEMORANDUM OPINION
MARTIN V.B. BOSTETTER, Jr., Chief Judge.
We determine here whether to sustain trustee’s objection to debtor’s claimed homestead exemption. The issue concerns whether debtor timely had his homestead deed admitted to record as required by Virginia law. After hearing arguments, the Court *549 held that debtor properly filed his homestead deed and it was admitted to record within the requisite time period.
The Court possesses jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(I) and 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409.
Quy Van Nguyen (“debtor”) filed his voluntary Chapter 7 bankruptcy petition on August 29, 1997. Debtor listed in his Schedule B, and claimed as exempt, an automobile worth $6,000. He claimed a $2,000 exemption under Virginia Code § 34-26(8) and a $4,000 exemption pursuant to Virginia Code § 34-4. Va.Code Ann. §§ 34-26(8), ■ 34-4. Debtor’s $4,000 claim of exemption is at issue in this case.
The first meeting of creditors was scheduled for October 1, 1997. Debtor mailed his homestead deed by United States Postal Service priority mail to the Fairfax County Circuit Court. The clerk received and signed for the package on Friday, October 3, 1997. However, the clerk did not record debtor’s homestead deed until Tuesday, October 7, 1997, one day after § 34-17’s five-day statutory limit. Va.Code Ann. § 34-17.
As a result, trustee claims debtor failed to have his homestead deed properly admitted to record within the five-day time limit. Debtor urges the Court to find that his homestead deed was admitted to record upon being delivered to the clerk of court. The Court therefore must determine what constitutes “admitted to record” under Virginia law.
The Bankruptcy Code allows a debtor to exempt real and personal property from property of the estate. 11 U.S.C. § 522. As Virginia has opted out of the federal exemption scheme, Virginia law governs the property a debtor may claim as exempt. Va.Code Ann. § 34-3.1; In re Heater, 189 B.R. 629, 632 (Bankr.E.D.Va. 1995). Virginia’s “homestead exemption” permits a debtor to exempt $5,000 of real or personal property by filing a homestead deed in the appropriate circuit court clerk’s office. Va.Code Ann. § 34-4.[1] A debtor desiring to exempt personal property must file a homestead deed adequately describing the property, which then “shall be admitted to record to be recorded as deeds are recorded, in the county or city wherein such householder resides.” Va.Code Ann. § 34-14; Heater, 189 B.R. at 632.
When a debtor files for bankruptcy, debtor must “set apart” the homestead exemption no later than five days after the first date set for the meeting of creditors in the bankruptcy case. VaCode Ann. §§ 34-17; 34-14.[2] “Setting apart” includes admitting the homestead deed to record. Only after a homestead deed is properly admitted to record does the clerk’s duty arise to record it in the deed book. United States v. Lomas Mortgage, USA, Inc., 742 F.Supp. 936, 939 (W.D.Va.1990); Jones v. Folks, 149 Va. 140, 140 S.E. 126, 127 (Va.1927); Davis v. Beazley, 75 Va. 491, 495 (1881). Failing to strictly *550 comply with these requirements will result in the loss of that exemption in bankruptcy. Zimmerman v. Morgan, 689 F.2d 471, 472 (4th Cir.1982); In re Franklin, 214 B.R. 826, 830 (Bankr.E.D.Va.1997).
This district recently dealt with what constitutes “admitted to record” in In re Franklin. Franklin, 214 B.R. at 826. In Franklin, the Court held a combined hearing on two cases bearing essentially identical facts to those in the case at bar. In both those cases, debtors sent their homestead deeds by Federal Express on the same day they were due under Virginia law. The parties stipulated at trial that the clerk’s office received both homestead deeds within the five-day period. Id.
The trustee objected to debtors’ claimed exemptions in the two cases on the grounds that the clerk’s stamped certificate on the homestead deed reflected the following day as the recordation date. The Court sustained trustee’s objections finding that “mere arrival [of the homestead deed] at the courthouse is not sufficient.” Franklin, 214 B.R. at 833. Though we agree with Franklin’s comprehensive analysis of the law, we disagree with its holding where debtor has done everything necessary to preserve his rights to exempt property under the statute.
The Virginia Code requires debtor’s homestead deed to be recorded as any other deed. Va.Code Ann. § 34-13. Virginia Code § 17-59 governs records, recordation and indexing, which states:
Every writing authorized by law to be recorded ... upon payment of fees for the same and the tax thereon, if any, shall, when admitted to record, be recorded by or under the direction of the clerk on such media as prescribed by § 17-70. However, the clerk may refuse to accept any writing for filing or recordation [if certain requirements, not relevant here, are not met.] However, if the writing or deed is accepted for record and spread on the deed books, it shall be deemed to be validly recorded for all purposes .... Upon admitting any such writing or other paper to record the clerk shall endorse thereon the day and time of day of such recordation.
Va.Code Ann. § 17-59.
A careful reading of the statute’s plain language indicates that recordation of a deed involves it first being admitted to record and then spread on the deed books. Franklin, 214 B.R. at 830. The statute also makes clear that once debtor has properly presented the deed for recordation, the clerk “shall” endorse the day and time on the writing in order to admit it to record. Va. Code Ann. § 17-59; see Franklin, 214 B.R. at 830; Fooshee v. Snavely, 58 F.2d 772, 774 (W.D.Va.1931), aff'd, 58 F.2d 774 (4th Cir.); cert. denied, 287 U.S. 635, 53 S.Ct. 85, 77 L.Ed. 550 (1932) (admitting to record is not a mere mental act, but requires the physical act of indorsing the day and time of admission).
The case law further supports this reading of Virginia statutory law. The Fourth Circuit stated in Fooshee v. Snavely in dicta that a properly presented deed for recordation requires the clerk to at once admit it to record. Fooshee, 58 F.2d at 777 (emphasis added); In re Smith, 256 F.Supp. 844, 851 (E.D.Va.1966), rev’d on other grounds, 377 F.2d 271 (4th Cir.1967) (“received” was synonymous with “filed” and therefore lien attaches to an automobile as of the date the department of motor vehicles receives the requisite paperwork and fees); see also Davis, 75 Va. at 495 (after a deed is admitted to record it remains the clerk’s duty to record it on the deed book and the admission to record is effectual, though the clerical act of spreading the instrument in extenso on the deed book be never performed). A clerk’s failure to do so cannot defeat the rights of the party presenting the instrument. Franklin, 214 B.R. at 833; Fooshee, 58 F.2d at 777; Davis 75 Va. at 495. Any other interpretation would make admitting to record dependent on the acts or omissions of the clerk over whom debtor has no control and with whom the law compels him to deposit the deed. Fooshee, 58 F.2d at 777; Beverley v. Ellis, 22 Va. (1 Rand. 102) (1822).
In the case at bar, debtor complied with the procedural requirements the law *551 placed on Mm in setting apart and perfecting Ms homestead exemption. Franklin, 214 B.R. at 830 n. 6; Heater, 189 B.R. at 638; In re Haynesworth, 145 B.R. 222, 226 (Bankr.E.D.Va.1992); Homeowner’s Fin. Corp. v. Pennington (In re Pennington), 47 B.R. 322, 326 (Bankr.E.D.Va.1985). The first meeting of creditors pursuant to 11 U.S.C. § 341 was scheduled for October 1, 1997. Debtor mailed his homestead deed via United States Postal Service priority mail. The parties stipulated at hearing that the clerk received the deed on October 3, 1997, well within the five-day statutory period. The responsibility then shifted to the clerk to admit the deed to record.
The situation before this Court is similar to one where a deed is lost or destroyed after it has been submitted, but prior to recordation. In the seminal case of Beverley v. Ellis, the Virginia Supreme Court found that the rights of a grantee whose deed was lost by the clerk’s office took priority over subsequent grantees. Ellis v. Baker, 22 Va. (1 Rand) 47, 48. The court reasoned that once the grantee properly submitted the deed, he had done all the law required of him to protect and secure his title. Id.
Likewise, we find that if no deficiencies exist as to a deed’s form or in the fees tendered, a homestead deed is admitted to record when properly received by the clerk’s office. To hold otherwise would deny debt- or’s rights, as given to him by the legislature, and make them contingent to the malfeasance of an individual clerk who should have properly performed the duties of the office. Such an outcome is neither equitable nor justifiable under the Virginia case law where debtor has done all he can to protect his rights.
The Court finds that debtor timely had his homestead deed admitted to record upon delivering it to the clerk’s office. For the foregoing reasons, we overrule trustee’s objection to debtor’s claim of exemption. The Court will enter a separate order consistent with this opinion.

. Virginia Code § 34-4 outlines a debtor's homestead exemption and states:
Every householder shall be entitled, in addition to the property of the estate exempt under §§ 23-38.81, 34-26, 34-27, 34-29, and 64.1-151.3, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value. In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent.
For the purposes of this section, "dependent” means an individual who derives support primarily from the householder and who does not have assets sufficient to support himself, but in no case shall an individual be the dependent of more than one householder. Va.Code Ann. § 34-4.

. Section 34-17 provides that "[t]o claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy ... shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter." Va.Code Ann. § 34-17. Section 34-14 provides for some property to be set aside by using a homestead deed, which is the means by which a householder (or debtor in bankruptcy) sets aside as exempt from the creditor process "[s]uch personal estate selected hy the householder ... under § 34-4, 34-4.1, or 34-13....” Va.Code Ann. § 34-14.