# CIRCUIT COURT OF THE CITY OF NORFOLK

Mega International
Commerce Bank

v.

MCAP Capital, L.L.C., et al.

September 6, 2007

Case No. (Civil) CL07-1319

BY JUDGE JUNIUS P. FULTON, III

The Court heard argument on August 20, 2007, on the Clerk of Court's Special Plea in Bar and Demurrer, as well as Mega Bank's Demurrer to the counterclaim brought by MCAP, and finally MCAP's Motion for Leave to Amend its Third-Party Complaint. The Court has had the opportunity prior to the hearing to review the parties' various memoranda in support and opposition to the various motions and the benefit of the argument of counsel in consideration of these matters.

*Clerk's Special Plea in Bar and Demurrer*

The primary legal issue implicated by the Clerk's Special Plea in Bar and Demurrer is whether Count VIII of the Third-Party Complaint alleging negligence against George Schaefer, Clerk of the Circuit Court is legally sufficient and states a legitimate cause of action.

The essential premise of the Demurrer is that MCAP's claim against the Clerk fails as a matter of law because "MCAP fails to set forth any duty owed by Schaefer or that the Clerk's action proximately caused MCAP's purported injury."

Essentially, the Clerk argues that the cover sheet which accompanied Mega Bank's Mortgage/Deed of Trust contained erroneous information, misspelling of the last name of "Tseng" as "Tsen." The Clerk contends that this erroneous cover sheet was appropriately relied upon by his office and the Deed of Trust was indexed pursuant to that cover sheet. The Clerk argues that his duty is to index the instrument based upon the information detailed in the cover sheet. The Clerk further argues that Mega Bank's counsel's failure to detail the information contained in the deed necessary for the Clerk to properly index the deed was the proximate cause of MCAP's alleged damages.

The Clerk relies upon Virginia Code § 17.1-227.1 which provides that:

> Circuit Court Clerks may require that any deed or other instrument conveying or relating to an interest in real property be filed with a cover sheet detailing the information contained in the deed or other instrument necessary for the Clerk to properly index such instrument.

Because this statute is unambiguous, the Court sees no need to resort to the legislative history detailed in the final report concerning modernizing land records in Virginia provided by the Land Records Management Task Force. It is impermissible to "resort to rules of construction, legislative history... when a statute's meaning is clear." *Doss v. Jamco*, 254, Va. 362, 370 (1997).

The law is well settled that Clerks of the Court could be liable for the actions of their deputies by way of the doctrine respondeat superior. *Stuart v. Madison*, 5 Va. (1 Call) 481, 482 (1798), stated that the Clerk and every other officer is "answerable for all official acts of his deputy. . . ." In a recent case, which has some factual similarity to the case at hand, an earlier recorded lien on the security property was not discovered by the bank's title examination because one of the deputies in the office of the Clerk of Court had indexed the instrument on the wrong page of the grantor's index book. *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 74 (1983). There, the Virginia Supreme Court held that "the doctrine of respondent superior applies to the Clerk of Court and the performance of the duties of his office."

It is worth noting that, although the decision in *First Virginia Bank-Colonial v. Baker* predates the enactment of Va. Code § 17.1-227.1, the Court held that "the Clerk's duties to record and index run from him to those whose

interests may be effected by those writings" and the legislative intent behind the bond requirement of former Va. Code § 15.1-41 (now § 15.2-1528) was to "hold the Clerk accountable for faithful performance of all duties imposed upon his office." *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 80.

While it is true that § 17.1-227.1 allows Circuit Court Clerks the option to require cover sheets, Virginia Code § 17.1-249 still states that "any clerk, deputy clerk, or employee of any clerk who so indexes any instrument shall index any name appearing in the first clause of the original instrument." Thus, the Clerk is required to index consistent with the instrument itself, and not the cover sheet. There is nothing in § 17.2-227.1 that repealed or otherwise modified the Clerk's duty to properly index the recorded instrument. Nor does the statute exonerate him for his failure to do so, notwithstanding an erroneous cover sheet. Consequently, the Clerk of Court had a duty to record Mega International's Deed of Trust correctly. However, if the negligence complained of occurred prior to his taking office, his predecessor may however be responsible. Therefore, the Court will overrule the Demurrer and grant leave to MCAP to amend its Third-Party complaint to add the predecessor Clerk of Court.

### Clerk's Special Plea in Bar

Testimony was received from Thomas Larson, Chief Deputy, who indicated that the Mega Bank Deed of Trust was indexed in both the daily index and general index on the date of receipt, October 22, 2003. This would have been months prior to the start of the term of office of George Schaefer, the current Clerk of Court and defendant in this matter.

Virginia Code § 55-96 provides that the Clerk shall index all instruments in the "appropriate general index within 90 days after admission to record." MCAP argues that the current clerk is still responsible for "failing to correctly index Mega Bank's Deed of Trust in the general index by January 20, 2004" as he took office prior to that date.

Given the circumstances surrounding the erroneous indexing of this Deed of Trust, which apparently took place during the term of office of the predecessor Clerk of Court and continued undisturbed during the term of the defendant, the current Clerk of Court, the Court will defer any ruling on the Plea in Bar pending the addition of the predecessor Clerk of Court.

### Demurrer of Mega Bank to Counterclaim of MCAP

MCAP, in response to the Mega Bank Complaint for Foreclosure has counterclaimed against Mega Bank specifically alleging in Count I that Mega Bank's Deed of Trust is barred by the doctrine of equitable estoppel. MCAP argues that, because Mega Bank, through counsel, submitted an erroneous cover sheet with its Deed of Trust, Mega Bank is estopped from enforcing its Deed of Trust on the property.

### Equitable Estoppel

To allege a claim of equitable estoppel several elements must be shown: (1) the misrepresentation of a material fact; (2) reliance on this misrepresentation; (3) a change of position induced by the misrepresentation; and (4) injury or detriment. *Boykins Narrow Fabric Corp. v. Weldon Roofing & Sheet Metal*, 221 Va. 81, 86 (1980); *T. v. T.*, 216 Va. 867, 872-73 (1976). The party asking for equitable estoppel cannot have knowledge of the true facts being misrepresented. *Lindsay v. James*, 188 Va. 646, 659 (1949).

In this case, there is no dispute that the deed of trust was in fact properly recorded, thereby putting MCAP and all others on notice as to this lien. The validity of the Mega Bank Deed of Trust cannot be questioned, as it was properly recorded. *Fox v. Templeton*, 229 Va. 380, 385 (1985). "A purchaser of real estate has constructive notice of the recorded title papers of his vendor and is charged with notice of all that an actual examination of them would disclose. It is a purchaser's duty to examine the records to ascertain whether his grantor's title is encumbered." Thus, the legal effect of the erroneous indexing by the Clerk of Court is of no consequence as Code § 55-96(A)(1) of the Code of Virginia creates a framework by which a Deed of Trust becomes a lien upon property once it is properly recorded. It is important to note that the statute itself does not require indexing as part of recordation. Furthermore, the Supreme Court of Virginia has held in *Jones v. Folks*, 149 Va. 140 (1927), that "in order to constitute notice, the deed shall only be admitted to record, whether ever indexed or not." The Court notes that *Smith v. Sovran Bank, N.A.*, 18 Va. Cir. 237 (City of Richmond 1989), a case with facts similar to those presented here, another circuit court found that "there can be little doubt as to the statutory effect of misindexing. It does not affect notice." The Court there found that the rule of *Jones v. Folks* was that, although a deed of trust was misindexed, it was nevertheless valid and enforceable against the property as a continuing encumbrance. *Id.* at 243.

Thus, MCAP had knowledge of the true facts that were misrepresented in the index because it had constructive notice of the Deed of Trust. Mega Bank properly filed and recorded the Deed of Trust, giving MCAP constructive notice of the document. In *Hiden v. Mahanes*, 119 Va. 116, 121 (1916), the Virginia Supreme Court, citing *Rogers v. Portland and Brunswick Street Ry.*, 100 Me. 86, 93 (1905), held that a person will not be estopped when that person has no duty to speak the truth and when the "facts . . . may be ascertained by an examination of the public records." MCAP could have discovered the Deed of Trust by examining the public records. Thus, to the extent MCAP has knowledge or the means to obtain knowledge concerning the title of this property, it may not rely upon the doctrine of equitable estoppel. The recordation of a Deed of Trust provides constructive notice to all subsequent buyers of the lien established by that document.

Additionally, to be estopped, it must be shown that Mega Bank made a misrepresentation of material fact. The person to be estopped must have misled another. *American Security & Trust Co. v. Juliano*, 203 Va. 827, 834 (1962). The misrepresentation that MCAP relied on was in the index prepared by the Clerk of Court. Thus, MCAP was misled by the Clerk. Although Mega Bank's counsel did create the erroneous cover sheet and deliver it to the Clerk, the cover sheet was never delivered to or relied upon by MCAP. It was a representation to the Clerk and not to MCAP.

Furthermore, the erroneous cover sheet was not material to MCAP's actions relating to the purchase of this property. In *Packard Norfolk, Inc. v. Miller*, 198 Va. 557, 563 (1956), the Virginia Supreme Court stated that "a fact is material when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction would not have occurred." The Cover sheet did not induce MCAP to act and buy the Tseng property because MCAP never saw the cover sheet. Instead, it was the index that was the material fact that induced MCAP to buy the property. The only facts Mega Bank represented to MCAP were those in the recorded Deed of Trust, which were true.

The erroneous cover sheet also does not rise to the level of a misrepresentation of a material fact because § 17.1-227.1 proves that "Nor shall the cover sheet be construed to convey title to any interest in real property or purport to be a document in a chain of title conveying any interest in real property." Additionally, MCAP did not rely upon the cover sheet but upon the Clerk's index and the counterclaim fails as a matter of law because there are no facts pleaded which would indicate that MCAP relied upon the cover sheet. Consequently Mega Bank's Demurrer to the counterclaim Count I will be sustained without leave to amend.

*Demurrer of Mega Bank to MCAP's Counterclaim*
*Alleging Equitable Subrogation (Count V)*

MCAP argues that, under the doctrine of equitable subrogation, it is entitled to step into the shoes of Wachovia which held the first and second deeds of trust in the aggregate amount of $1.9 million and was paid off with MCAP's purchase money. The Supreme Court of Virginia has provided that the principles of equitable subrogation should be liberally applied. In *Centerville Car Care, Inc. v. North American Mortgage Co.*, 263 Va. 339 (2002), the Court said:

> Subrogation is the substitution of another person in place of the creditor to whose rights he succeeds in relation to the debt. This doctrine is not dependant upon contract, nor upon privity between the parties; it is a creature of equity, and is founded upon principals of natural justice. Subrogation not being a matter of strict right, but purely equitable in its nature, dependant upon the facts and circumstance of each particular case, no general rule can be laid down which will afford a test in all cases for its application. Nevertheless we have expressly acknowledged that Virginia has long been committed to a liberal application of the principal of subrogation.

MCAP's reliance on the principle of equitable subrogation is based upon its belief that "Mega Bank, by preparing an erroneous cover sheet had the effect of hiding Mega Bank's Deed of Trust from the eyes of a title examiner." However, because MCAP is charged with constructive notice of the properly recorded Mega Bank Deed of Trust and the fact that the Clerk of Court has the ultimate responsibility and duty to ensure that instruments are properly recorded, there is no inequity to be remedied vis-a-vis MCAP and Mega Bank. Equitable subrogation is not appropriate. Furthermore, to the extent that MCAP has been harmed by this encumbrance to its interests, MCAP can recover its loss from other sources.

*Mega Bank's Demurrer to MCAP'S Challenge to the Validity*
*of the Deed of Trust for Lack of Consideration or*
*Accord and Satisfaction (Counts II, III, and IV)*

MCAP does not have standing to challenge the validity of the Deed of Trust because it is not in privity of contract with Mega Bank. The common law rule in Virginia is that an action challenging the validity of a contract can only be brought by someone in privity of the contract, the promisee or the promisor. *Cemetery Consultants, Inc. v. Tidewater Funeral Directors Ass'n,* 219 Va. 1001, 1003 (1979); *Wells v. Shoosmith,* 245 Va. 386, 392 (1993). In *Wells,* a property owner brought an action challenging the validity of leases on the property created by the previous owner. *Id.* at 387, 389-90. Specifically, the property owner claimed the leases were invalid for lack of consideration. *Id.* at 392. The Court held that the property owner had no standing to bring the action because he was not part of the contract between the original landowner and lessees. *Id.* Similarly, MCAP was not a party to the loan agreement between Tseng and Mega Bank. MCAP cannot claim that the Deed of Trust was invalid for lack of consideration or that the agreement was changed by an accord and satisfaction.